DOUGLAS and RESNICK, JJ., concur in the foregoing dissenting opinion.

DOUGLAS, APPELLANT, *v.* MONEY, WARDEN, APPELLEE.

[Cite as *Douglas v. Money* (1999), 85 Ohio St.3d 348.]

(No. 98–2554—Submitted March 31, 1999—Decided April 28, 1999.)

---

*James Michael Douglas, pro se.*

*Betty D. Montgomery,* Attorney General, and *Stuart W. Harris,* Assistant Attorney General, for appellee.

---

***Per Curiam.*** Douglas asserts that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, Douglas's assertion lacks merit.

First, application of the challenged statutes, rules, and guidelines to Douglas does not constitute *ex post facto* imposition of punishment. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.* (1998), 81 Ohio St.3d 267, 268, 690 N.E.2d 887, 888; *State ex rel. Crigger v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 270, 272, 695 N.E.2d 254, 256.

Second, state prisoners challenging the conditions of their confinement have an adequate legal remedy by way of an action under Section 1983, Title 42, U.S.Code. See *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 91–92, 637 N.E.2d 306, 309.

Third, Douglas's claims of conspiracy and bias are not cognizable in habeas corpus. Cf. *Wireman v. Ohio Adult Parole Auth.* (1988), 38 Ohio St.3d 322, 528 N.E.2d 173, 174.

Fourth, the issue of whether Douglas made an intelligent, knowing, and voluntary guilty plea is a matter to be resolved by motion to withdraw the guilty plea, direct appeal, or postconviction proceedings, rather than in habeas corpus. See *Pollock v. Morris* (1988), 35 Ohio St.3d 117, 117–118, 518 N.E.2d 1205, 1206; cf. *State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 46–47, 676 N.E.2d 108, 109.

Fifth, habeas corpus is not the appropriate action to challenge the validity or sufficiency of an indictment. *State ex rel. Raglin v. Brigano* (1998), 82 Ohio St.3d 410, 696 N.E.2d 585.

Finally, habeas corpus is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison. *State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165, 167, 702 N.E.2d 423, 425. At best, Douglas's

claims relate to an earlier consideration of parole rather than entitlement to immediate release from prison. *Crigger*, 82 Ohio St.3d at 272, 695 N.E.2d at 256.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.