OPINION
This action in habeas corpus is presently before this court for final consideration of respondent's motion to dismiss, filed on May 22, 2000. As the primary basis for his motion, respondent, Julius Wilson, submits that the petition in this matter does not state a viable claim in habeas corpus because petitioner, Peter Clark, has an adequate remedy at law. For the following reasons, we conclude that the motion to dismiss has merit.
Respondent is the warden of the Trumbull Correctional Institution, a state prison located in Leavittsburg, Ohio. Petitioner is an inmate in that facility, having previously been convicted in the Summit County Court of Common Pleas of attempted trafficking in marijuana. In now seeking his immediate release from the prison, petitioner asserts that the underlying conviction should be declared void because: (1) he was sentenced by a trial judge who was never properly assigned to his case; and (2) his decision to enter a plea of guilty was not made knowingly and voluntarily.
Petitioner's claim for relief is predicated upon the following allegations. In March 1998, the Summit County Grand Jury indicted petitioner on one count of engaging in a pattern of corrupt activity and one count of trafficking in marijuana. When he was initially arraigned on the charges, petitioner entered a plea of not guilty. This plea was accepted by Judge Ted Schneiderman, a sitting member of the Summit County Court of Common Pleas. During the ensuing two months, Judge Schneiderman continued to act as the trial judge in petitioner's case.
In June 1998, petitioner chose to plead guilty to one count of attempted trafficking in marijuana; accordingly, a plea hearing was held in lieu of a trial. This hearing was conducted by Richard D. Kennedy, a retired judge from Columbiana County. Prior to presiding over this proceeding, Judge Kennedy had not been involved in the case in any manner. Moreover, no judgment entry had been issued in the matter substituting Judge Kennedy for Judge Schneiderman.
During the plea hearing, Judge Kennedy questioned petitioner as to whether he was aware of the various ramifications of entering a guilty plea. However, as part of their colloquy, Judge Kennedy never informed petitioner that his conviction in this case could lead to his deportation from the United States. Despite this, near the conclusion of the plea hearing, Judge Kennedy accepted petitioner's guilty plea.
A separate hearing on sentencing was held approximately one month later. Based upon the evidence presented during this proceeding, Judge Kennedy issued a judgment sentencing petitioner to a definite term of two years. Still, notwithstanding the finality of the sentencing judgment, no separate judgment had ever been rendered reassigning the case to Judge Kennedy.
Attempting to build upon the foregoing allegations, petitioner asserts in the instant action that he is entitled to a writ of habeas corpus for two reasons. First, he contends that Judge Kennedy did not have any authority to sentence him because Judge Kennedy was never properly assigned to the underlying case. Based on this contention, petitioner further argues that the sentencing judgment should be declared void.
In regard to this specific argument, this court would readily agree that, as a general proposition, the failure to transfer an action properly from the original judge to a new judge constitutes a procedural error which deprives the new judge of any authority to proceed in the case. In State v. Swalcy (Dec. 11, 1998), Portage App. No. 97-P-0075, unreported, we concluded that, in the absence of a formal transferal judgment, only the original judge has the authority to act in the matter.
Nevertheless, although petitioner's allegations are sufficient to make a prima facie showing that a procedural error may have occurred in the underlying case, we do not agree with petitioner's contention concerning the effect of that alleged error. The courts of this state have consistently held that the failure to transfer a case properly does not affect a court's jurisdiction over a case. Accordingly, such an error does not render any ensuing judgment in the case void, but only has the effect of rendering any subsequent judgment voidable. See, e.g.,State v. Pecina (1992), 76 Ohio App.3d 775, 778.
The distinction between "void" and "voidable" is crucial. If a judgment is deemed void, it is considered a legal nullity which can be attacked collaterally. Conversely, if a judgment is deemed voidable, it will have the effect of a proper legal order unless its propriety is successfully challenged through a direct attack on the merits. See 62 Ohio Jurisprudence 3d (1985) 468-469, Judgments, Sections 131-132. Given this distinction, it has been held that the lack of a proper transferal judgment can be waived if a timely objection is not made. Swalcy.
Before a writ of habeas corpus can lie, the petitioner generally must be able to show that the trial court in the underlying criminal action lacked jurisdiction. Luna v. Russell
(1994), 70 Ohio St.3d 561. In the instant action, petitioner's own allegations indicate that he will be unable to prove this element because the lack of a transferal judgment is not a jurisdictional error. Moreover, since the failure to transfer the underlying case properly could have been contested in an appeal from the conviction, a writ of habeas corpus will also not lie in this instance because petitioner had an adequate legal remedy. SeeNorris v. Konteh (Apr. 16, 1999), Trumbull App. No. 98-T-0030, unreported.
As an aside, this court would note that some courts of this state have expressly held that the failure to follow the correct procedure for transferring a case can rise to the level of a due process violation if there is an additional showing of bad faith, fraud, or an improper reason for the transfer of the matter. SeeWhite v. County of Summit (June 7, 2000), Summit App. No. 19793, unreported. However, we would emphasize that the merits of a possible violation of due process can not be litigated in a habeas corpus action because the criminal defendant has an adequate legal remedy through a petition for post conviction relief. See In reFisher (1974), 39 Ohio St.2d 71, 74-75.
Pursuant to the foregoing analysis, this court concludes that, even when petitioner's allegations concerning the transferal issue are construed in a manner most favorable to him, they are insufficient to state a viable basis for a habeas corpus claim. Therefore, the first basis of petitioner's claim in this matter lacks merit.
Under the second basis of his claim, petitioner argues that the sentencing judgment in his criminal case should be declared void because Judge Kennedy erred in accepting his guilty plea. Petitioner asserts that his plea was not made knowingly because Judge Kennedy failed to inform him during the plea hearing that, since he was not a citizen of the United States, he could face possible deportation as a result of being convicted of attempted trafficking in marijuana.
As to this argument, this court would simply note that the Supreme Court of Ohio has expressly held that an alleged error in the acceptance of a guilty plea cannot form the basis of a viable claim in habeas corpus. Douglas v. Money (1999), 85 Ohio St.3d 348. Again, the grounds for this holding are twofold. First, an error in the taking of a guilty plea is not deemed jurisdictional in nature. Harman v. Konteh (Mar. 13, 1998), Trumbull App. No. 98-T-0021, unreported. Second, the petitioner in such a situation had an adequate legal remedy because he could have contested the issue in an appeal, a motion to withdraw the plea, or a petition for postconviction relief. Douglas.
In responding to the motion to dismiss, petitioner maintains that it would be futile for him to submit a motion to withdraw or a postconviction petition at this time because neither could be ruled upon prior to the completion of his prison term. In relation to the remedy of postconviction relief, petitioner further maintains that he has missed the time limit for filing such a petition. In addition, as to the remedy of a direct appeal, he contends that he could not have raised the plea issue on appeal because certain matters pertaining to the issue would not have been contained in the appellate record.
In regard to petitioner's first two points, we would merely state that we have held that the fact that a defendant has failed to take advantage of his other legal remedies in a timely manner does not mean that he lacks an "adequate remedy" for purposes of an action in habeas corpus. Norris, supra. As to his third point, we would merely indicate that if all of the pertinent facts concerning his guilty plea were not in the transcript of the plea hearing, the appropriate remedy in that instance would have been a petition for postconviction relief.
Pursuant to the foregoing discussion, this court holds that neither of the two bases asserted in the instant petition state viable grounds for a habeas corpus claim. Thus, respondent's motion to dismiss is granted. It is the order of this court that petitioner's habeas corpus petition is hereby dismissed.
 _____________________________________ JUDITH A. CHRISTLEY, Presiding Judge
JUDGES, ROBERT A. NADER, JUDGE WILLIAM M. O'NEILL.