[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 465.]

HANES, APPELLANT, *v.* HAVILAND, WARDEN, APPELLEE.

[Cite as *Hanes v. Haviland*, 2001-Ohio-1589.]

*Habeas corpus sought to compel relator's release from prison—Dismissal of petition affirmed, when.*

(No. 01-792—Submitted September 19, 2001—Decided October 17, 2001.)

APPEAL from the Court of Appeals for Allen County, No. 1-01-15.

————————————

*Per Curiam.*

{¶ 1} In December 1989, appellant, Leonard N. Hanes, was convicted of felonious assault and sentenced to a prison term of six to fifteen years.

{¶ 2} In February 2001, Hanes filed a petition in the Court of Appeals for Allen County for a writ of habeas corpus to compel appellee, his prison warden, James S. Haviland, to release him from prison. Hanes claimed that his accumulated "good time" credits under, *inter alia*, R.C. 2967.193 and former R.C. 2967.19, 142 Ohio Laws, Part II, 3100, 3115, entitled him to release from prison on May 4, 2000, *i.e.*, before the expiration of the maximum term of his sentence. In March 2001, the court of appeals dismissed Hanes's petition.

{¶ 3} In his appeal of right, Hanes contends that the court of appeals erred in dismissing his petition.

{¶ 4} Hanes's contention is meritless. Former R.C. 2967.19 *et seq.* does not reduce the maximum term of his indeterminate sentence, and these provisions consequently do not entitle Hanes to release from prison before he serves the maximum term provided in his sentence. See *State ex rel. Bealler v. Ohio Adult Parole Auth.* (2001), 91 Ohio St.3d 36, 740 N.E.2d 1100, 1101; *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 427, 687 N.E.2d 283, 284-285.

**{¶ 5}** At best, even if Hanes is entitled to good-time credit, he would have been entitled to earlier consideration of release on parole rather than outright release from prison. Because extraordinary relief in habeas corpus is restricted to immediate release from confinement, the court of appeals properly dismissed the petition. See *Douglas v. Money* (1999), 85 Ohio St.3d 348, 349-350, 708 N.E.2d 697, 698. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Leonard N. Hanes*, *pro se*.

*Betty D. Montgomery*, Attorney General, and *Bruce D. Horrigan*, Assistant Attorney General, for appellee.

_____