OPINION
{¶ 1} The instant proceeding in habeas corpus is presently before this court for final consideration of the motion to dismiss of respondent, Warden Julius Wilson of the Trumbull Correctional Institution. As the primary grounds for this dispositional motion, respondent asserts that the habeas corpus petition does not state a viable claim for the requested relief because petitioner, Zachary D. Fitzpatrick, has failed to assert sufficient allegations to establish that his underlying conviction should be declared void. For the following reasons, we conclude that the motion to dismiss has merit.
 {¶ 2} According to petitioner, his present incarceration in the state penitentiary is based upon a 1999 conviction rendered in the Lake County Court of Common Pleas. In that underlying action, petitioner entered a plea of guilty to two counts of aggravated robbery, one count of felonious assault, and two firearm specifications. After accepting this plea, the trial court sentenced him to an aggregate prison term of sixteen years.
 {¶ 3} Petitioner further asserts that the trial court's initial sentencing judgment contained the statement that, while petitioner was serving his term, he could be subject to the imposition of "bad time" under R.C. 2967.11 for any rule violation he committed in prison. Following its issuance in October 1999, petitioner appealed the initial judgment to this court. In December 2000, we reversed that judgment on the sole basis that the trial court's reference to the possible imposition of bad time had been improper because the Supreme Court of Ohio had declared the bad time procedure to be unconstitutional. Upon remand of the action, the trial court rendered a new sentencing judgment which imposed the identical prison term, but did not contain any reference to the imposition of bad time.
 {¶ 4} In light of the foregoing allegations, petitioner argues in his habeas corpus claim that his conviction must be declared void because the trial court did not have the requisite jurisdiction to sentence him to prison. Specifically, petitioner contends that the trial court's reference in its initial judgment to the unconstitutional "bad time" procedure deprived it of subject matter jurisdiction over the underlying criminal action. He further maintains that his guilty plea was not entered knowingly because he never would have agreed to the plea if the trial court had informed him that the bad time procedure under R.C. 2967.11
was unconstitutional.
 {¶ 5} As petitioner correctly notes, the Supreme Court's decision concerning the constitutional propriety of bad time was made in State exrel. Bray v. Russell (2000), 89 Ohio St.3d 132. In applying the Bray
holding in subsequent appeals involving criminal judgments in which a trial court has referred to possible bad time sanctions as part of a defendant's overall sentence, this court has concluded that such a reference constitutes an error which warrants the reversal of the judgment so that the trial court can issue a new sentencing order deleting the reference. See, e.g., State v. Washington, 11th Dist. Nos. 98-L-151 and 98-L-152, 2002-Ohio-6565. We have also indicated that, even if the judgment containing the bad time reference were never vacated, the defendant would be entitled to a writ of habeas corpus only when his present incarceration is based upon an actual bad time sanction. Id.
 {¶ 6} Although not expressly stated in Washington, our holding that a trial court can correct its erroneous reference to bad time by simply issuing a new judgment had to be predicated upon the underlying conclusion that the reference to bad time was only a procedural error. The same is likewise true of our statement concerning when a writ of habeas corpus could lie. That is, if this court had concluded inWashington that the trial court's reference was a jurisdictional error, we would have ordered the reversal of the defendant's underlying conviction. Similarly, we would have indicated that a writ might lie while the defendant was serving the imposed sentence for the original crime.
 {¶ 7} At best, the reference to bad time in a sentencing judgment would only be a sentencing error by the trial court. Such an error would obviously not deprive the trial court of subject matter jurisdiction after such jurisdiction had been properly been invoked at the outset of the proceeding. Moreover, such an error would not result in a complete lack of due process in the case.
 {¶ 8} The Supreme Court of Ohio has consistently held that alleged sentencing errors in an underlying criminal action cannot form the basis of a viable claim in habeas corpus because such errors are mere procedural violations which have no effect upon a trial court's jurisdiction to proceed. See, e.g., Heddleston v. Mack (1998),84 Ohio St.3d 213. In light of the fact that an erroneous reference to the imposition of bad time would not adversely affect the basic validity of a criminal conviction, this court concludes that the foregoing proposition is applicable in this instance.
 {¶ 9} In support of his contention that the erroneous reference to bad time deprived the trial court of jurisdiction to convict him, petitioner emphasizes that the bad time procedure under R.C. 2967.11 was ultimately declared unconstitutional. However, unless a violation of a constitutional right results in a complete lack of due process or otherwise deprives a trial court of jurisdiction over a case, such a violation cannot form the basis of a viable claim in habeas corpus. See, e.g., Thomas v. Huffman (1998), 84 Ohio St.3d 266, in which the Supreme Court indicated that an alleged violation of the constitutional prohibition against double jeopardy was not cognizable in habeas corpus. Thus, since the erroneous reference to bad time was a mere sentencing error which was procedural in nature, the fact that a constitutional question was involved is not sufficient to state a possible basis for a writ.
 {¶ 10} Finally, as was noted above, petitioner also asserts that he is entitled to a writ because the validity of his guilty plea was affected by the failure of the trial court to inform him that the bad time procedure was unconstitutional. Without commenting upon the relative merits of this assertion, this court would note that the validity of a guilty plea cannot be contested in a habeas corpus action because that issue does not relate to the jurisdiction of a trial court to hear the matter. See Wireman v. Ohio Adult Parole Auth. (1988), 38 Ohio St.3d 322. The Supreme Court has further indicated that, once the defendant's ability to appeal his conviction has elapsed, he can challenge his plea only through a motion to withdraw the plea or a petition for postconviction relief. Douglas v. Money (1999), 85 Ohio St.3d 348, 349.
 {¶ 11} As a general proposition, a writ of habeas corpus can be granted only if the prisoner can estabilsh that his conviction was entered by a trial court which lacked proper jurisdiction over the underlying case. Elersic v. Wilson, 11th Dist. No. 2003-T-0070,2003-Ohio-4229. Accordingly, a habeas corpus claim will be subject to dismissal under Civ.R. 12(B)(6) when the prisoner's allegations are such that, even when they are construed in a manner most favorable to him, they are insufficient to demonstrate that the prisoner will be able to prove a set of facts indicating that the trial court did not have jurisdiction to render the conviction. Schrock v. Gansheimer (May 24, 2002), 11th Dist. No. 2002-A-0003, 2002 Ohio App. LEXIS 2488.
 {¶ 12} Applying the foregoing standard to the allegations in the instant case, this court concludes that the dismissal of the habeas corpus petition is warranted. That is, this court holds that petitioner's allegations are not legally sufficient to assert an issue which properly attacks the jurisdiction of the trial court to enter the underlying conviction against him. Furthermore, petitioner's own allegations show that his incarceration is based upon the sixteen-year sentence the trial court imposed for the three offenses and the firearm specifications; i.e., despite the erroneous reference to bad time in the initial sentencing judgment, petitioner's present incarceration is not predicated on a bad time sanction. Thus, even when the allegations in the habeas corpus petition are interpreted in a manner most favorable to petitioner, they show that he will never be able to prove that he is entitled to be released immediately.
 {¶ 13} Pursuant to the foregoing analysis, respondent's motion to dismiss is granted. It is the order of this court that petitioner's habeas corpus petition is hereby dismissed in its entirety.
DONALD R. FORD, P.J., DIANE V. GRENDELL and CYNTHIA WESTCOTT RICE, JJ., concur.