DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Willie Jacobs, appeals from the decision of the Lorain County Court of Common Pleas which dismissed his petition for writ of habeas corpus. We affirm.
 {¶ 2} In 1986, Appellant was convicted of aggravated murder with a firearm specification. The trial court sentenced him to a an indefinite term of twenty years to life for the aggravated murder conviction, and three years for the firearm specification, both sentences to be served consecutively.
 {¶ 3} On July 30, 2003, Appellant filed a petition for writ of habeas corpus alleging that he was being unlawfully restrained by Appellees Warden Carl Anderson and the Ohio Adult Parole Authority ("Appellee OAPA"). Specifically, Appellant alleged that he had served his required minimum sentence and was entitled to parole under the laws of Ohio as they existed at the time of his sentencing. Appellant further asserted that Appellee OAPA, in an "arbitrary and capricious manner changed [Appellant's] parole eligibility by applying [its] own sentencing structure in the disguise of guidelines adopted [in] 1998, which raises [an] Ex Post Facto question."
 {¶ 4} On August 27, 2003, Appellee Anderson moved to dismiss the petition for writ of habeas corpus on multiple grounds including the failure of Appellant to file an affidavit required under R.C. 2969.25 regarding all lawsuits Appellant had filed in the past five years. Thereafter, Appellant filed, though belatedly, the required affidavit. The trial court granted Appellee Anderson's motion to dismiss. Appellant timely appealed, asserting seven assignments of error. For ease of discussion, we will address some assignments of error together and out of order.
 ASSIGNMENT OF ERROR I
"The trial court erred when the court dismissed [Appellant's] Petition for failure to state a claim."
 ASSIGNMENT OF ERROR III
"The trial court erred when the court dismissed [Appellant's] Petition for a Writ of Habeas Corpus in a case where prisoner has no other remedy except an extraordinary action."
 {¶ 5} In his first and third assignments of error, Appellant argues that habeas corpus is the correct remedy to use in this case, and the trial court erred in dismissing his petition under Civ.R. 12(B)(6) without further investigation of his allegations. He alleges that he is entitled to immediate release from prison due to the fact that he has served his minimum prison term. We disagree.
 {¶ 6} R.C. 2725.01, describing persons entitled to habeas relief, states:
"Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."
The most common situations in which habeas will lie include a defendant's challenge to the jurisdiction of the sentencing court and a challenge to the decision of a parole authority in parole revocation cases. State ex rel. Jackson v. McFaul (1995),73 Ohio St.3d 185, 187. Regardless of the circumstances underlying a defendant's claim, habeas corpus is only available as a remedy when an individual is claiming entitlement to immediate release from prison. Id. at 188.
 {¶ 7} In this case, Appellant insists that he is entitled to immediate release from prison because he has served his minimum required sentence as reduced by the former statute governing good time credits, former R.C. 2967.19. This claim has been addressed on multiple occasions by the Ohio Supreme Court:
"[F]ormer R.C. 2967.19 and former 5145.02 merely reduce the minimum term of [a defendant's] indeterminate sentences; they do not entitle him to release from prison before he serves the maximum term, i.e. life in prison, provided in his sentence."Ridenour v. Randle, 96 Ohio St.3d 90, 2002-Ohio-3606, at ¶ 9. See, also, State ex rel. Johnson v. Ohio Dept. of Rehab. Corr. (2002), 95 Ohio St.3d 70, 72; State ex rel. Bealler v.Ohio Adult Parole Auth. (2001), 91 Ohio St.3d 36.
Any claim to an entitlement to earlier parole consideration simply does not amount to a right to immediate release from prison. Douglas v. Money, 85 Ohio St.3d 348, 349-50,1999-Ohio-381. Even assuming the truth of Appellant's allegations in his petition, habeas relief is not appropriate, and the trial court properly dismissed Appellant's petition. See id; Hanes v.Haviland, 93 Ohio St.3d 465, 465, 2001-Ohio-1589. Accordingly, we overrule Appellant's first and third assignments of error.
 ASSIGNMENT OF ERROR II
"The trial court erred when the court dismissed [p]ro-[s]e prisoners [sic] Petition on procedural default when prisoner upon learning of [procedure] sought to immediately comply with the requirement."
 {¶ 8} In his second assignment of error, Appellant argues that it was improper for the court to dismiss based upon his failure to meet a technical, procedural requirement as he immediately remedied this problem upon his learning of its existence. Appellant's second assignment of error is rendered moot by our determination as to his first and third assignments of error. Even if he had filed the required affidavit at the correct time, his petition would still properly be dismissed as he has no right to immediate release from prison. We overrule Appellant's second assignment of error.
 ASSIGNMENT OF ERROR IV
"The retroactive application of new [p]arole consideration guidelines to [Appellant] by [Appellee OAPA] violated the law for Ex Post Facto."
 ASSIGNMENT OF ERROR V
"Appellant has a protected liberty interest in a meaningful parole consideration hearing at the completion of his minimum sentence."
 ASSIGNMENT OF ERROR VI
"[Appellant's] rights to due process are arbitrarily abrogated when parole consideration is extended to twice the minimum required by law."
 {¶ 9} In his fourth through sixth assignments of error, Appellant makes the following arguments: (1) retroactive application of new parole guidelines to Appellant violate the provision against ex post facto laws; (2) Appellant has a "protected liberty interest in parole consideration at the completion of his minimum sentence[;]" and (3) imposition of the new parole guidelines violate Appellant's due process rights. The Ohio Supreme Court has previously answered these challenges:
"[A]pplication of [new parole guidelines] to Henderson, which he claims results in a change in his parole eligibility date, does not constitute ex post facto imposition of punishment. Because Henderson has no constitutional or statutory right to parole, he has no similar right to earlier consideration of parole." (Internal citations omitted.) State ex rel. Hendersonv. State Dept. of Rehab. Corr., 81 Ohio St.3d 267, 268,1998-Ohio-631.
Henderson makes clear that imposition of new parole guidelines (1) does not violate the ex post facto law provision, (2) interferes with no recognized interest of the prisoner, and (3) does not violate a prisoner's due process rights. Id. at 268. We overrule Appellant's fourth through sixth assignments of error.
 ASSIGNMENT OF ERROR VII
"[Appellee OAPA's] automatic application of internal guidelines to [Appellant] was a predetermined decision and is [b]ias."
 {¶ 10} In his final, seventh assignment of error, Appellant argues that automatic application of the internal guidelines of Appellee OAPA illustrate that such party is "a [b]ias agency with a predetermined opinion." Appellant opines that Appellee OAPA's following of parole guidelines renders it an unfair judge with a "preconceived opinion, a predisposition to decide a cause or issue in a certain way." A parole authority follows set guidelines. Simply because they follow those guidelines, leading to a predetermined opinion based on the facts, does not make the agency either biased or unfair. Rather, equal application of guidelines to all individuals implies exactly the opposite. We overrule Appellant's seventh assignment of error.
 {¶ 11} We overrule Appellant's assignments of error and affirm the judgment of the Lorain County Court of Common Pleas which dismissed Appellant's petition for writ of habeas corpus.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., concur.