OPINION
{¶ 1} On August 31, 2001, defendant-appellant, Antwaun L. Chandler ("appellant"), was bound over for trial in the Franklin County Court of Common Pleas, General Division, on charges of aggravated murder and aggravated robbery. Both charges included three-year firearm specifications and the aggravated murder charge also carried a capital specification. On June 11, 2002, appellant pled guilty to the lesser-included offense of murder with a firearm specification. The court sentenced appellant to an indefinite prison term of 15 years to life, plus a consecutive three-year term for the firearm specification. The trial court entered its judgment of conviction on June 18, 2002.
 {¶ 2} On November 12, 2002, appellant filed his petition for post-conviction relief. Therein, appellant contended that his trial counsel had lied to him by telling him that a co-defendant by the name of "Delontie Rhym" had implicated appellant and was planning to testify on behalf of the prosecution. In support of his petition for post-conviction relief appellant submitted his own affidavit along with two unauthenticated letters, purportedly written by Rhym.
 {¶ 3} In the first letter, which is addressed to "Troy," the author instructs the recipient to "tell young blood with you I got the same chrages (sic) he got and I didn't make nostatement I don't know what they talkin about I don't know what the fuckz going on `you dig!' and tell that nigga if he goen (sic) write we not goin (sic) to talk about my case, "you dig!'" (Emphasis sic.) In the second letter, which is addressed to "Twaun," the author states, "Dog I'm going to tell my lawyer to come talk to you ok so don't fuck me man, I don't have shit to do with this, I don't no (sic) nothing."
 {¶ 4} In his affidavit, appellant avers, inter alia, "[trial counsel] persuaded me to enter a guilty plea, specifically, because of the statement Delontie allegedly wrote. For fear of a harsh sentence, I plead (sic) guilty because of counsels (sic) advice. Since, I have learned that [trial counsel] falsely adviced (sic) me to plea (sic) guilty. Particularly, Delontie Rhym did not give any statements implicating me in the murder. Moreover, had I known prior to my plea, I would not have plead (sic) guilty."
 {¶ 5} On June 30, 2003, appellant filed a motion for production of transcripts of all proceedings in his case, at the state's expense. On December 4, 2003, the court denied the motion.
 {¶ 6} On August 10, 2004, appellant filed a motion for summary judgment and attached thereto the affidavit of Delontie Rhym. Therein, the affiant declares, "On June 2002 I, Delontie Rhym was apprehended by homocide (sic) detectives and Columbus Police. I was interrogated by detectives about a homocide (sic) that occurred March 2001. Prior to the investigation I never made any statements verbally or written statements that would indicate Mr. Chandler. I never made any promises to the prosecuting attorney that I would testify against Mr. Chandler."
 {¶ 7} On March 10, 2005, the trial court journalized a decision and entry denying appellant's petition for post-conviction relief. Noting that the petition was based on the allegedly deficient performance of trial counsel, and further noting that no trial occurred because appellant pled guilty, the court viewed the motion substantively as a motion to withdraw appellant's guilty plea pursuant to Crim.R. 32.1. Finding no basis upon which to allow withdrawal of appellant's guilty plea, the court denied the motion.
 {¶ 8} Appellant timely appealed and asserts the following three assignments of error for our review:
FIRST ASSIGNMENT OF ERROR:
APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED HIM UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN COUNSEL DECEIVED APPELLANT TO PLEAD GUILTY DUE TO AN INVOLUNTARY PLEA AGREEMENT.
SECOND ASSIGNMENT OF ERROR:
THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION, IN NOT CONSIDERING THE CREDIBILITY AND ACKNOWLEDGMENT OF APPELLANT'S AFFIDAVIT IN SUPPORT OF HIS PETITION, AND TREATING HIS PETITION AS A WITHDRAWAL OF GUILTY PLEA, CRIMINAL RULE 32.1.
THIRD ASSIGNMENT OF ERROR:
THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR TRANSCRIPTS AT STATE EXPENSE.
 {¶ 9} We begin by addressing appellant's second assignment of error, which is dispositive of this appeal. In support of this assignment of error, appellant argues that the trial court erred by treating his petition as a motion to withdraw a guilty plea, pursuant to Crim.R. 32.1. We agree.
 {¶ 10} Appellant's petition was based upon the allegedly deficient performance of trial counsel. "Where the record does not permit a determination of whether trial counsel was ineffective, [a] proper remedy for such a case would be the * * * post-conviction remedies under R.C. 2953.21." State v. Monzo
(Feb. 17, 1998), 10th Dist. No. 97APA04-481, 1998 Ohio App. LEXIS 616, *17, citing State v. Cooperrider (1983),4 Ohio St.3d 226, 228, 448 N.E.2d 452.
 {¶ 11} Moreover, a post-conviction relief petition and a post-sentence motion to withdraw a guilty plea are alternative remedies. State ex rel. Tran v. McGrath (1997),78 Ohio St.3d 45, 47, 676 N.E.2d 108; Douglas v. Money (1999),85 Ohio St.3d 348, 349, 708 N.E.2d 697; State v. Bush, 96 Ohio St.3d 235,2002-Ohio-3993, 773 N.E.2d 522, ¶ 11. Though the post-conviction scheme is not the exclusive avenue of redress on facts such as those alleged in appellant's petition, Bush, supra, at ¶ 13, appellant is entitled to elect his remedy because the two remedies "exist independently." Id. at ¶ 14.
 {¶ 12} For these reasons, the trial court erred in treating appellant's motion as one to withdraw a guilty plea, pursuant to Crim.R. 32.1. On remand, the trial court shall treat appellant's petition as one for post-conviction relief, and shall, "make and file findings of fact and conclusions of law as to the reasons for dismissal of [if the court in fact dismisses the petition] and as to the grounds for relief relied upon in [the] petition."State v. Hester (1976), 45 Ohio St.2d 71, 74 O.O.2d 341, N.E.2d 304, paragraph one of the syllabus. Appellant's second assignment of error is therefore sustained.
 {¶ 13} By his first assignment of error, appellant challenges the trial court's denial of his petition without a hearing. However, our disposition of appellant's second assignment of error renders his first assignment of error moot. We overrule the first assignment of error for that reason.
 {¶ 14} Finally, in support of his third assignment of error, appellant argues that the trial court erred in refusing to provide him with transcripts of the proceedings in his case. An indigent prisoner has a right to relevant portions of transcripts. State ex rel. Call v. Zimmers (1999),85 Ohio St.3d 367, 368, 708 N.E.2d 711. The record reveals that appellant never specified how any portion of the transcripts from his trial court proceedings was relevant to his pursuit of post-conviction relief. Thus, the trial court did not err in denying appellant's motion for transcripts at state expense. Accordingly, appellant's third assignment of error is overruled.
 {¶ 15} For all of the foregoing reasons, appellant's first assignment of error is overruled as moot, his second assignment of error is sustained, and his third assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings consistent with law and with this opinion.
Judgment affirmed in part; reversed in part, and causeremanded.
Petree and Brown, JJ., concur.