WAITES, APPELLANT, v. GANSHEIMER, WARDEN, APPELLEE.

[Cite as *Waites v. Gansheimer,* 110 Ohio St.3d 250, 2006-Ohio-4358.]

(No. 2006–0753—Submitted July 18, 2006—Decided September 6, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus.

{¶ 2} In January 1993, appellant, James S. Waites, was convicted of several crimes, including kidnapping and felonious sexual penetration, and was sentenced to prison.

{¶ 3} On January 17, 2006, Waites filed a petition in the Court of Appeals for Ashtabula County for a writ of habeas corpus to compel appellee, Lake Erie Correctional Institution Warden Rich Gansheimer, to release him from prison. Waites claimed that the warden had failed to provide reasonable medical care for his various medical conditions and that this deliberate indifference constituted cruel and unusual punishment. The warden filed a motion to dismiss the petition. On March 31, 2006, the court of appeals granted the warden's motion and dismissed the petition.

{¶ 4} In his appeal as of right, Waites asserts that the court of appeals erred in dismissing his habeas corpus petition because the writ is mandatory when cruel and unusual punishment is established and because a petition cannot be dismissed without an evidentiary hearing.

{¶ 5} For the following reasons, Waites's claims lack merit.

{¶ 6} As the court of appeals correctly held, "state prisoners challenging the conditions of their confinement have an adequate legal remedy by way of an action under Section 1983, Title 42, U.S. Code." *Douglas v. Money* (1999), 85 Ohio St.3d 348, 349, 708 N.E.2d 697, citing *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 637 N.E.2d 306; see, also, *State ex rel. Bruni v. Leonard* (1997), 80 Ohio St.3d 475, 476, 687 N.E.2d 441 ("Bruni possessed an adequate legal remedy by way of a federal civil rights action under Section 1983, Title 42, U.S.Code, to raise his Eighth Amendment claim"). The United States Supreme Court has recognized that deliberate indifference to serious medical needs of prisoners is proscribed by the Eighth Amendment to the United States Constitution and states a cause of action under Section 1983, Title 42, U.S.Code. *Estelle v. Gamble* (1976), 429 U.S. 97, 104–105, 97 S.Ct. 285, 50 L.Ed.2d 251; see, also, *Williams v. Terrebonne Parish Sheriff's Office* (E.D.La.2006), No. Civ.A. 04–1173, 2006 WL 622777, *4 (Section 1983 permits recovery for serious physical harm to prisoner caused intentionally or with deliberate indifference in provision of medical care).

{¶ 7} Moreover, Waites's petition is fatally defective and subject to dismissal because he did not attach all of his pertinent commitment papers. R.C. 2725.04(D); *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.* (2002), 95 Ohio St.3d 70, 71, 765 N.E.2d 356. Waites attached a sentencing entry for case No. 92–CR–000497, but he failed to attach one for case No. 92–CR–000367, which is referred to in the sentencing entry that he did attach. We recently affirmed the dismissal of a habeas corpus petition for a substantially similar defect. *Harris v. Anderson,* 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 10.

{¶ 8} Finally, no evidentiary hearing was required. "R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action." *Chari v. Vore* (2001), 91 Ohio St.3d 323, 327, 744 N.E.2d 763. "Even when a writ is allowed and a return is ordered, an evidentiary hearing, discovery, and physical presence of the petitioner are not always required." Id. Here, Waites's petition was properly dismissed because it was fatally defective for failure to comply with R.C. 2725.04(D) and it failed to state a claim cognizable in habeas corpus.

{¶ 9} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

James S. Waites, pro se.

Jim Petro, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.