DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the petition of Thomas Beach for a writ of habeas corpus. Petitioner contests his confinement in the Toledo Correctional Institution, alleging that he has been confined beyond the time permitted by law and his judgment of conviction. Petitioner has also filed a motion to proceed in forma pauperis requesting waiver of filing fees and costs.
 {¶ 2} R.C. 2725.01 provides that any person "unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully *Page 2 
deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." Our jurisdiction derives from R.C. 2725.02 and Section 3(B)(1)(c), Article IV of the Constitution of Ohio. In re Petition of Gentry (1982),7 Ohio App.3d 143. R.C. 2725.01 et seq. provides the exclusive procedural mechanisms by which we address a petition in habeas. Civ.R. 1; Harshaw v.Farrell (1977), 55 Ohio App.2d 246; In re Terry (1988),51 Ohio App.3d 133.
 {¶ 3} Habeas corpus is the appropriate remedy when seeking release from an unlawful detention. State ex rel. Nelson v. Griffin,103 Ohio St.3d 167, 2004-Ohio-4754, ¶ 5. "[I]f it appears that the writ ought to issue, a court or judge authorized to grant the writ must grant it forthwith." R.C. 2725.06. It may appear from the face of a petition that the sentencing court lacked jurisdiction to commit the petitioner to detention. "Habeas corpus will lie when a judgment is void due to lack of jurisdiction. Pegan v. Crawmer (1996), 76 Ohio St.3d 97, 99."Pratts v. Hurley, 102 Ohio St.3d 81, 83, 2004-Ohio-1980, ¶ 8; R.C.2725.05. A writ is also available "when the petitioner's maximum sentence has expired and he is being held unlawfully. Morgan v. OhioAdult Parole Auth. (1994), 68 Ohio St.3d 344, 346." Heddleston v.Mack (1998), 84 Ohio St.3d 213, 214. The issuance of a writ is not a determination on the merits but only an order to bring the petitioner before the court in order to conduct an evidentiary hearing. R.C.2725.12; Hammond v. Dallman (1992), 63 Ohio St.3d 666, 668.
 {¶ 4} However, R.C. 2725.05 prohibits the issuance of a writ where the petitioner is in custody under process, judgment, or order of a court with jurisdiction to issue to *Page 3 
process, judgment, or order. Mosely v. Echols (1991),62 Ohio St.3d 75, 76. If a petition fails to state with particularity why the court lacked jurisdiction, then the petition must be dismissed pursuant to R.C. 2725.06 without the necessity of a hearing. Hammond,63 Ohio St.3d at 668.
 {¶ 5} Petitioner has met the affidavit requirements of R.C. 2725.04. A copy of the sentencing order is attached to his petition. On February 28, 1990, petitioner was sentenced to an indeterminate term of not less than seven years and not more than 25 years upon his conviction for aggravated burglary, a violation of R.C. 2911.01(A)(2) and a felony of the first degree.
 {¶ 6} Petitioner alleges that respondent is denying him the benefit of R.C. 2967.19. That section, since repealed, provided for diminutions in a sentence if the person confined "faithfully observed the rules of the institution." The maximum diminution available is 30 percent of the minimum or definite sentence, and the cumulative total of all diminutions given pursuant to R.C. 2967.19, 2967.193, and 5145.11 cannot exceed one-third of the minimum or definite sentence. R.C. 2967.19(F).
 {¶ 7} However, where a claim is based solely on the expiration of the minimum sentence and a claim that the petitioner is eligible for parole or early release, there is no legal right actionable in habeas.Heddleston, 84 Ohio St.3d at 214. Moreover, the Ohio Supreme Court has held that habeas petitions containing allegations that R.C. 2967.19
applies to reduce a petitioner's sentence are not actionable. "[F]ormer R.C. 2967.19 and former 5145.02 merely reduce the minimum term of [petitioner's] indeterminate *Page 4 
sentences; they do not entitle him to release from prison before he serves the maximum term * * * provided in his sentence." Ridenour v.Randle (2002), 96 Ohio St.3d 90, 2002-Ohio-3606, ¶ 9, citing State exrel. Johnson v. Ohio Dept. of Rehab. Corr. (2002), 95 Ohio St.3d 70,72; State ex rel. Bealler v. Ohio Adult Parole Auth. (2001),91 Ohio St.3d 36. See, also, Hanes v. Haviland, 93 Ohio St.3d 465,2001-Ohio-1589; Jacobs v. Anderson, 9th Dist. No. 03CA008391,2004-Ohio-4456; Kinion v. Rose, 5th Dist. No. 02CA57, 2003-Ohio-1753.
 {¶ 8} Accordingly, petitioner's petition is dismissed. We find petitioner's motion for waiver of costs and fees well-taken and hereby order the costs waived.
PETITION DISMISSED.
Arlene Singer, J. JUDGE
William J. Skow, J. JUDGE
Thomas J. Osowik, J. JUDGE
 CONCUR. *Page 1