[Cite as *State v. Hess*, 2021-Ohio-579.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                                          No. 109603

    v.                                :

TRAVIS HESS,                            :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 4, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-646311-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin Bringman, Assistant Prosecuting Attorney, *for appellee.*

Judith M. Kowalski, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Travis Hess, appeals his convictions. Finding no merit to the appeal, we affirm.

{¶ 2} In December 2019, Hess was named in a two-count indictment, charging him with one count of domestic violence, a felony of the fourth degree, and

endangering children, a first-degree misdemeanor.  On the day of trial and after extensive conversation with counsel, Hess pleaded guilty to the indictment.  In late February 2020, the trial court sentenced him to the maximum penalty of 18 months on the domestic violence charge, and credit for time served on the endangering children offense.

{¶ 3} Hess now appeals, raising two assignments of error.

## I.   Cruel and Unusual Punishment

{¶ 4} Hess raises as his first assignment of error:

> The Coronavirus Pandemic is having a disproportionate and catastrophic impact on the prison population and as such denying release to [Hess] violates the constitutional prohibition on cruel and unusual punishment.

{¶ 5} Hess's claimed error does not present any issue that was raised in or contemplated by the trial court.  It is well settled that a party cannot raise new arguments and legal issues for the first time on appeal, and that failure to raise an issue before the trial court waives that issue for appellate purposes.  *Miller v. Cardinal Care Mgmt.*, 8th Dist. Cuyahoga No. 107730, 2019-Ohio-2826, ¶ 23, citing *Cleveland Town Ctr. L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, 83 N.E.3d 383 (8th Dist.) (appellate courts "will not consider a question not presented, considered, or decided by a lower court"); *State v. Henderson*, 8th Dist. Cuyahoga No. 95655, 2012-Ohio-1040, ¶ 30 (constitutional arguments are generally not considered for the first time on appeal).

{¶ 6} We recognize that at the time of Hess's sentencing, the coronavirus outbreak, now referred to as COVID-19, was not as widespread and had not evolved

into the catastrophic pandemic that it has now become. However, the information that Hess relies on in support of his assignment of error regarding the coronavirus pandemic and its impact on the prison population is information contained outside of the record. It is well settled that appellate courts cannot decide appeals based on information presented in a brief for the first time on appeal. *See, e.g., State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. Accordingly, Hess's arguments are better suited in a motion for postconviction relief or for judicial release.[1]

{¶ 7} Finally, insofar as Hess is challenging the risks imposed with his continued confinement, "'state prisoners challenging the conditions of their confinement have an adequate legal remedy by way of an action under Section 1983, Title 42, U.S. Code.'" *Waites v. Gansheimer*, 110 Ohio St.3d 250, 2006-Ohio-4358, 852 N.E.2d 1204, ¶ 6, quoting *Douglas v. Money*, 85 Ohio St.3d 348, 349, 708 N.E.2d 697 (1999), citing *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 637 N.E.2d 306 (1994) (Waites alleged that the warden had failed to provide reasonable medical care for his various medical conditions and that this deliberate indifference constituted cruel and unusual punishment).

{¶ 8} Based on the foregoing, Hess's first assignment of error is overruled.

---

[1] We take judicial notice that during the pendency of this appeal, the trial court has denied Hess's motions to mitigate and participate in ODRC's transitional control program. The trial court has also denied his motion for reconsideration of these prior denials. Hess has not appealed any of these orders.

## II. Maximum Sentence

{¶ 9} In his second assignment of error, Hess contends that the trial court "abused its discretion" in imposing the maximum penalty of 18 months' incarceration for domestic violence, a felony of the fourth degree.

{¶ 10} When reviewing felony sentences, this court no longer applies an abuse of discretion standard. We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, the appellate "shall review the record, including the findings underlying the sentence * * * given by the sentencing court" and that it "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" that (1) "the record does not support the sentencing court's findings" under particular statutory provisions that do not apply here or (2) "the sentence is otherwise contrary to law."

{¶ 11} If the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12, a trial court's imposition of a any prison term, even a maximum prison term, for a felony conviction is not contrary to law. *State v. Woodard*, 8th Dist. Cuyahoga No. 106300, 2018-Ohio-2402, ¶ 35; *see also State v. Clay*, 8th Dist. Cuyahoga No.

108500, 2020-Ohio-1499, ¶ 26, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

{¶ 12} Pursuant to R.C. 2929.11, a sentence imposed for a felony shall be "reasonably calculated" to achieve "three overriding purposes of felony sentencing" — (1) to protect the public from future crime by the offender and others, (2) to punish the offender and (3) to promote the effective rehabilitation of the offender — "using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A) and (B). In addition, the sentence imposed "shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 13} The sentencing court must also consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025. R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 14} R.C. 2929.11 and 2929.12 are not fact-finding statutes and thus, the trial court is not required to use particular language or make specific findings on the

record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381.

{¶ 15} Applying the foregoing, this court has "refused to find that a sentence is contrary to law when the sentence is in the permissible range and the court's journal entry states that it 'considered all required factors of the law' and 'finds that prison is consistent with the purposes of R.C. 2929.11.'" *State v. Williams*, 8th Dist. Cuyahoga No. 100042, 2014-Ohio-1618, ¶ 17, quoting *State v. May*, 8th Dist. Cuyahoga No. 99064, 2013-Ohio-2697, ¶ 16.

{¶ 16} In this case, Hess concedes that his 18-month maximum sentence is not contrary to law because it is within the statutory range for a fourth-degree felony. *See* R.C. 2929.14(A)(4). Rather, Hess contends that his sentence is excessive, and it does not comport with the purposes and principles of felony sentencing pursuant to R.C. 2929.11 and the factors of R.C. 2929.12 because it was imposed for a first-time felony, he was remorseful, and was seeking help to address his underlying issues with alcohol.

{¶ 17} Our review of the record demonstrates that the trial court stated during sentencing that it considered all the relevant seriousness and recidivism factors, the need to protect the public from future crime, and the need to impose punishment. The court also stated in its journal entry that "it considered all the required factors of law [and] that prison is consistent with the purpose of R.C. 2929.11." Additionally, the trial court carefully explained its considerations, including why the maximum sentence was appropriate, by highlighting Hess's two

prior domestic violence convictions, and that the victim sustained visible injuries after Hess repeatedly punched her in the face. The court further heard that he committed the assault while heavily intoxicated and while the victim held their six-month-old child.

{¶ 18} Based on the foregoing, we find that Hess has failed to demonstrate that his sentence is clearly and convincingly not supported by the record. His second assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN T. GALLAGHER, J., CONCUR