OPINION
{¶ 1} Defendant-appellant Derrick C. Norris [hereinafter appellant] appeals from the July 21, 2005, Judgment Entry of the Muskingum County Court of Common Pleas which denied appellant's petition for post-conviction relief following an evidentiary hearing. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 14, 2004, appellant entered guilty pleas to one count of murder with firearm specification, one count aggravated robbery and one count of tampering with evidence, pursuant to a plea agreement. In exchange, the State asked the trial court to enter a Nolle Prosequi to all other counts of the indictment and recommended a sentence of 15 years to life imprisonment on the murder count, three years of imprisonment on the firearm specification, ten years of imprisonment on the aggravated robbery count and five years of imprisonment on the count of tampering with evidence, to be served consecutively, for a total of 33 years to life. Appellant was sentenced to the recommended sentence. Appellant did not appeal.
 {¶ 3} On January 21, 2005, appellant filed a petition for postconviction relief. The trial court ordered an evidentiary hearing. Appellant appeared at the evidentiary hearing without counsel. At that time, appellant requested that counsel be appointed to represent appellant. The trial court agreed to do so but informed appellant that the matter would have to be continued so that counsel could be appointed. However, appellant voiced his objection to a continuance and told the trial court that he would "go ahead and do it. I'll go ahead and argue my — my case." Tr. at 4. The trial court specifically asked appellant if appellant waived his right to have counsel appointed and appellant replied that he did. Tr. at pgs. 4-5.
 {¶ 4} On July 21, 2005, the trial court issued a Judgment Entry and Findings and Conclusions of Law. The trial court denied the petition for postconviction relief.
 {¶ 5} It is from the July 21, 2005, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT DEPRIVED THE APPELLANT OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW WHERE THE COURT HELD THE EVIDENTIARY HEARING WITHOUT FIRST APPOINTING APPELLANT COUNSEL PRIOR TO SUCH HEARING.
 {¶ 7} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION IN HOLDING THAT APPELLANT WAS NOT ENTITLED TO RELIEF BECAUSE THE SENTENCE WAS AGREED TO AND THEREFORE WAS UNREVIEWABLE IN VIOLATION OF HIS ABSOLUTE RIGHT TO DUE PROCESS OF LAW.
 {¶ 8} "III. THE TRIAL COURT DEPRIVED THE APPELLANT OF HIS SUBSTANTIVE RIGHT TO DUE PROCESS OF LAW WHERE THE COURT REFUSED TO MODIFY HIS DEFINITE SENTENCES TO MINIMUM CONCURRENT TERMS OF IMPRISONMENT.
 {¶ 9} "IV. DEFENDANT-APPELLANT'S NON-MINIMUM CONSECUTIVE DEFINITE SENTENCES ARE VOID AB INITIO WHERE THE APPELLANT WAS DENIED HIS FUNDAMENTAL DUE PROCESS RIGHT TO NOTICE AND AN OPPORTUNITY TO BE HEARD."
 {¶ 10} We find that judicial economy is best served by addressing appellant's assignments of error out of order. We will first address appellant's second assignment of error.
 II {¶ 11} In the second assignment of error, appellant contends that the trial court erred when it found that because the sentence imposed was agreed upon, such sentence was, therefore, not reviewable. In specific, appellant sought to have the trial court review his sentence based upon Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435, Blakelyv. Washington (2004), 542 US. 296, 124 S. Ct. 2531,159 L.Ed. 2d 403, and U.S. v. Booker (2005), 543 U.S. 220, 125 S. Ct. 738,160 L.Ed. 2d 621. However, such a review is not possible through a petition for postconviciton relief. This court as well as numerous other state and federal courts have found that Blakely
does not apply retroactively to cases already final on direct review. State v. Clark, Delaware App. No. 05CAA05025,2006-Ohio-1755; State v. Craig, Licking App. No. 2005CA16,2005-Ohio-5300; See, also, State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998 (concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299 (concluding U.S. Supreme Court did not make Blakely retroactive to cases already final on direct review); In re Dean (C.A.11, 2004), 375 F.3d 1287; Cuevas v.Derosa (C.A.1, 2004), 386 F.3d 367; United States v. Stoltz
(D.Minn. 2004), 325 F.Supp.2d 982; United States v. Stancell
(D.D.C. 2004), 346 F.Supp.2d 204; United States v. Traeger
(N.D.Ill. 2004), 325 F.Supp.2d 860. Therefore, we find that appellant's argument based on Blakely fails as it is being raised through a postconviction petition and not on direct review.
 {¶ 12} Accordingly, appellant's second assignment of error is overruled.
 III {¶ 13} In the third assignment of error, appellant essentially argues that the trial court erred when it held thatApprendi, Blakely, and Booker did not apply to Ohio's statutory sentencing laws. Admittedly, appellant is correct thatApprendi, Blakely and Booker apply to Ohio's statutory sentencing laws, as announced by the Ohio Supreme Court in Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, andState v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1. However, as addressed in assignment of error II, appellant cannot seek such redress through a petition for postconviction relief.
 {¶ 14} Accordingly, appellant's third assignment of error is overruled.
 IV {¶ 15} In the fourth assignment of error, appellant argues that his non-minimum, consecutive sentences are void ab initio because he was not put on notice that his sentences could be enhanced beyond the "statutory maximum-minimum sentence," in violation of Apprendi, Blakely and Booker. Appellant essentially contends that he was not put on notice or given an opportunity to be heard on the fact that the shortest prison term mandated by R.C. 2929.14(B) would be enhanced. Appellant contends that this lack of notice and opportunity to be heard violated his due process rights.
 {¶ 16} At the time the sentence was imposed, it was consistent with law and there was no need to put appellant on any type of notice. Further, appellant was free to raise theApprendi, Blakely and Booker issues at any time during the trial proceedings or on direct appeal. Appellant had the same opportunity as any defendant to raise constitutional issues concerning Ohio's statutory sentencing scheme.
 {¶ 17} For the foregoing reasons, we find that appellant's sentence is not void ab initio. Appellant's fourth assignment of error is overruled.
 I {¶ 18} We will now address appellant's first assignment of error. In the first assignment of error, appellant contends that the trial court deprived him of his right to procedural due process when the trial court held the evidentiary hearing without first appointing appellant counsel. We disagree.
 {¶ 19} Appellant first raised the issue of appointed counsel at the beginning of the hearing. At that time, the trial court noted that appellant had not previously requested counsel but offered to appoint counsel for appellant. The trial court, however, informed appellant that in order to appoint counsel, the scheduled hearing would have to be continued to a later date. Appellant objected to a continuance and stated that he would rather proceed with the hearing and specifically waived his right to counsel.
 {¶ 20} Upon review, we find that appellant had a limited right to counsel. Revised Code 120.16(A)(1) provides that the ". . . county public defender shall provide legal representation to indigent[s] . . . in postconviction proceedings. . . ." Section (D) of the statute maintains that the ". . . [the county] public defender shall not be required to prosecute any . . . postconviction remedy . . . unless [the county public defender] is first satisfied there is arguable merit to the proceeding." State v. Chowder, 60 Ohio St.3d 151,152-153, 573 N.E.2d 652. The Ohio Supreme Court held that when a court sets an evidentiary hearing on a postconviction petition, the public defender must be provided with notice that such a hearing has been set. Id. at 153. Thus, once notified, the public defender has the authority and discretion to refuse to represent an indigent petitioner seeking postconviction relief, if the public defender, after examining the issues raised by the petitioner, concludes that the issues do not have arguable merit. Likewise, upon a finding by the public defender that arguable merit exists, the petitioner, pursuant to Subsection (A)(1) of the statute, is entitled to representation by the public defender. Id. at 152-153.
 {¶ 21} We find that even if the trial court erred when it failed to notify the public defender once the evidentiary hearing was set, appellant suffered no prejudice. Appellant has only a limited right to representation. As this court has previoiusly stated, "[a]ppellant's allegation the trial court erred in not appointing counsel cannot be sustained unless he also successfully challenged the trial court's denials of his post-conviction motions." State v. Yost (May 4, 2001), Licking App. No. 00CA104, 2001 WL 498735. As analyzed above, appellant's arguments are without merit. As such, we find that any error was harmless. In addition, the trial court offered to appoint counsel for appellant. And while this would have resulted in a continuance, it would have provided the appellant with professional legal assistance in the presentation of his case.
 {¶ 22} Accordingly, appellant's first assignment of error is overruled.
 {¶ 23} The Judgment of the Muskingum County Court of Common Pleas is affirmed.
By: Edwards, J. Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.