OPINION
{¶ 1} Defendant-appellant appeals the decision of the Belmont County Common Pleas Court which denied his petition for post-conviction relief without a hearing. The main issue on appeal is whether the basis for the Ohio Supreme Court's Foster holding can be used to remand a sentence by way of a timely petition for post-conviction relief. For the following reasons, the judgment of the trial court is affirmed as Foster issues are not proper subjects for collateral review.
 STATEMENT OF THE CASE {¶ 2} In April 2005, in case number 05CR99, appellant was indicted on two counts: possession of crack cocaine in an amount more than ten grams but less than twenty-five grams; and, trafficking in crack cocaine in an amount more than one gram but less than five grams. While out on bond, he was again arrested for possession of crack cocaine in an amount more than ten grams but less than twenty-five grams, resulting in case number 05CR133.
 {¶ 3} On May 13, 2005, appellant entered a plea agreement in both cases whereby he pled guilty to the two possession charges, which were second degree felonies with maximum sentences of eight years. In return for his plea, the state dismissed the trafficking charge and agreed to recommend concurrent five-year sentences. A sentencing hearing was held on May 20, 2005.
 {¶ 4} In a May 26, 2005 entry, the court sentenced appellant to five years on each count to be served concurrently as recommended by the state. The court made findings for not allowing community control. The court noted that appellant had served prior time in prison and found that a longer prison term was appropriate due to appellant's criminal history, his commission of one offense while out on bail for other offenses and the threat he posed to society due to the fact that he had enough crack cocaine to imply intent to distribute.[1]
 {¶ 5} On September 19, 2005, appellant filed a timely petition for post-conviction relief in the trial court. See R.C. 2953.21(A)(2) (a timely petition is filed no later than one hundred eighty days after the expiration of the time for filing the appeal). He urged that under various United States Supreme Court cases, he could only be sentenced to minimum, concurrent sentences of two years because in order to sentence a defendant to more than the minimum under R.C. 2929.14(B), factual findings are required that violate the right to a jury. See, e.g.,U.S. v. Booker (2005), 542 U.S. 963; Blakely v. Washington (2004),542 U.S. 296; Apprendi v. New Jersey (2000), 530 U.S. 466.
 {¶ 6} On December 15, 2005, the trial court denied appellant's petition for post-conviction relief without a hearing. The trial court found there was no violation of appellant's constitutional rights. The court noted that this appellate district has held that Blakely was inapplicable to Ohio's sentencing scheme. The court then concluded that the findings required to deviate from the minimum sentence do not implicate the Sixth Amendment.
 {¶ 7} In February 2006, the Ohio Supreme Court released State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In that case, the Court held that Blakely did in fact invalidate various provisions in Ohio's felony sentencing scheme. Relevant to this case, the Court held that R.C.2929.14(B) constituted unconstitutional judicial fact-finding. Id. at ¶ 61. In excising the unconstitutional statutory provisions, however, the result is that the sentencing court can now deviate from the minimum sentence without making any of the previously required statutory findings (prior incarceration, minimum will demean the seriousness of the offender's conduct or minimum will not adequately protect the public from future crime by the offender or others). See id. Thus, contrary to appellant's arguments below, minimum sentences are not required.
 {¶ 8} On April 3, 2006, appellant sought leave to file a delayed appeal of the denial of his post-conviction petition. On April 24, 2006, this court found that appellant did not need leave to appeal because the trial court did not order the clerk to serve him with a copy of its December 15, 2005 entry in this civil, post-conviction case and because the clerk did not post any entries establishing that service was accomplished.
 ASSIGNMENTS OF ERROR {¶ 9} Appellant sets forth three interrelated assignments of error:
 {¶ 10} "THE TRIAL COURT DENIED THE DEFENDANT DUE PROCESS WHEN IT DENIED HIS POST-CONVICTION MOTION FOR RELIEF WITHOUT A HEARING OR APPOINTMENT OF COUNSEL."
 {¶ 11} "THE TRIAL COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL AND DUE PROCESS RIGHTS WHEN IT BOTH IMPOSED THE SENTENCE AND DENIED HIS POST-CONVICTION ACTION UNDER THE INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 12} "THE TRIAL COURT DENIED DUE PROCESS, EQUAL PROTECTION, AND THEN FAILED TO PERFORM IYS [SIC] DUTY TO GUARANTEEE [SIC] EVERY CRIMINAL DEFENDANT HIS CONSTITUTIONAL RIGHTS WHEN IT IMPOSED THIS UNCONSTITUTIONAL SENTENCE."
 {¶ 13} Appellant filed a twenty-five page brief on July 5, 2006. He complains that he was not granted a hearing or appointed counsel for the post-conviction proceedings. He also states that his prior counsel was ineffective for failing to raise the sentencing issues he now raises. Appellant points out that the Foster Court has agreed that Ohio's felony sentencing scheme is unconstitutional. He states that the findings required to deviate from a minimum sentence violated his right to a jury trial. He concludes that he should not have been sentenced to more than the minimum of two years on each count to run concurrently.
 {¶ 14} Buried within his brief, appellant claims that the brief also represents a petition for a writ of habeas corpus. His grounds for such petition are that the remedy imposed by the Ohio Supreme Court is a violation of the separation of powers and ex post facto clauses. He also takes issue with the Supreme Court's statement that its Foster holding only applies to cases on direct review or not yet final.
 {¶ 15} The state responded with one page of facts and a mere half-page argument. That argument solely points to the trial court's decision and generally concludes that appellant was properly sentenced underFoster.
 LAW AND ANALYSIS {¶ 16} A defendant seeking to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. State v. Cole (1982), 2 Ohio St.3d 112, 113. An evidentiary hearing need not be granted if the petitioner fails to meet his initial burden of alleging operative facts to show substantive grounds for relief. State v. Calhoun (1999), 86 Ohio St.3d 279, 282-83.
 {¶ 17} Pursuant to R.C. 2953.21(A)(1)(a), any person, who has been convicted of a criminal offense and who claims that there was such a denial or infringement of the person's rights so as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. However, if the grounds raised could have been raised in a direct appeal, the petitioner is barred from raising them in a post-conviction petition. State v. Reynolds (1997), 79 Ohio St.3d 158,161 (pointing to the doctrine of res judicata). Even unfavorable controlling law in one's appellate district on the topic of contention will not relieve the petitioner from this rule if such law is later overturned. Id. (holding that the defendant could have appealed to the appellate court and then the Supreme Court on the grounds now raised even though that appellate court had already ruled unfavorably on that ground in another case).
 {¶ 18} Appellant's petition for post-conviction relief relied upon the precursors of Foster to allege his sentence was constitutionally void. (Foster was not released at the time he filed his petition). These precursors (Apprendi, Blakely and Booker) were all decided by the United States Supreme Court prior to appellant's conviction and sentencing. And, these decisions had been applied in some Ohio appellate districts to invalidate felony sentences.
 {¶ 19} Merely because this district and many others disagreed with the applicability of those Supreme Court cases, does not allow a post-conviction relief petition to be filed on grounds that were available for appeal. See Reynolds, 79 Ohio St.3d at 161 (even unfavorable controlling law in one's appellate district which is later overturned will not allow the issue to be raised in a post-conviction petition if it could have been argued on direct appeal). Since appellant could have raised the arguments presented in his post-conviction petition in a direct appeal, he is barred from presenting them in a post-conviction petition under the doctrine of res judicata. See id.
 {¶ 20} On the other hand, because this court refused to applyBlakely to Ohio's sentencing scheme, the failure to file a direct appeal on this issue would not constitute ineffective assistance of counsel. See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio4165, ¶ 9 (counsel cannot be faulted for failing to predict the law would change). There is no defective performance in the form of an error so serious that counsel was no longer performing as the counsel required by the Sixth Amendment. See Strickland v. Washington (1984), 466 U.S. 668, 687. Moreover, appellant fails to establish how ineffective assistance of counsel is recognizable in a post-conviction relief petition under the facts herein. As aforementioned, this court has already denied his motion to reopen his appeal on these grounds.
 {¶ 21} Furthermore, the Ohio Supreme Court made the following enlightening statements in Foster regarding the scope of its holding's retroactivity:
 {¶ 22} "Finally, the holding in Booker was applied `to all cases on direct review.' Id. at 268, 125 S.Ct. 738, 160 L.Ed.2d 621, citingGriffith v. Kentucky (1987), 479 U.S. 314, 328, 107 S.Ct. 708,93 L.Ed.2d 649." Foster at ¶ 11.
 {¶ 23} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion." Id. at ¶ 104.
 {¶ 24} "As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review. Booker, 543 U.S. at 268,125 S.Ct. 738, 160 L.Ed.2d 621, quoting Griffith v. Kentucky,479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. ('A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases * * * pending on direct review or not yet final')." Id. at ¶ 106.
 {¶ 25} Relying on these statements, the Fifth and Twelfth Districts have both held that a defendant cannot raise Foster by way of even a timely post-conviction relief petition. State v. Norris, 5th Dist. No. CT2005-0039, 2006-Ohio-3508, ¶ 11, 13; State v. Sims, 12 Dist. No. CA2005-08-077, 2006-Ohio-3091, ¶ 5. See, also, State v. Harris, 6th Dist. No. S-05-014, 2006-Ohio-1396, ¶ 16 (using the above quoted statements as an alternative reason for denying an untimely petition seeking resentencing under Foster). We agree that the remand required byFoster is only applicable to those cases on direct review in the appeal from the criminal conviction, not to cases on review from the civil denial of post-conviction relief.
 {¶ 26} As for appellant's suggestion that this is an original action, we cannot construe part of an appellant's brief as a petition for a writ of habeas corpus. See, generally, R.C. 2725.04; App.R. 16. Additionally, we cannot overturn holdings of the Ohio Supreme Court. See State v.Hudson (May 12, 2000), 7th Dist. No. 98CA57. Rather, we are bound by them. See id. Thus, for instance, we could not find that the remedy announced by the Foster Court was violative of separation of powers or ex post facto clauses. We also note that the Ohio Supreme Court denied a reconsideration motion in Foster, which motion urged that theFoster holding was violative of the ex post facto clause. State v.Foster, 109 Ohio St.3d 1408, 2006-Ohio1703. In any event, since we are holding here that one cannot raise Foster on collateral review, appellant's constitutional contentions regarding the application ofFoster are moot.
 CONCLUSION {¶ 27} By stating that the cases before it and those pending on direct review must be remanded for new sentencing hearings, the Foster Court implicitly ruled that cases pending on post-conviction appeals need not be remanded and that its holding will not extend to future cases on collateral review. See Foster at ¶ 104, 106. Such interpretation is proper considering the general rules of res judicata regarding post-conviction petitions, which are not overcome in this case. Accordingly, the Foster issue raised by appellant was not the proper topic for a post-conviction relief petition. Thus, neither an evidentiary hearing nor appointment of counsel was required.
 {¶ 28} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.
[1] Appellant did not file a timely appeal of the sentencing entry. On November 23, 2005, appellant attempted to file a delayed appeal nearly five months late. However, this court dismissed the appeal on January 11, 2006.