CASEY, APPELLANT, *v.* HUDSON, Warden, APPELLEE.

[Cite as *Casey v. Hudson,* 113 Ohio St.3d 166, 2007-Ohio-1257.]

(No. 2006–1970—Submitted February 28, 2007—Decided April 4, 2007.)

———

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a habeas corpus petition. We affirm.

{¶ 2} In 2002, the Stark County Court of Common Pleas convicted appellant, Thomas E. Casey, of three counts of rape and sentenced him to an aggregate term of life in prison. In 2006, Casey filed a petition in the court of appeals for a writ of habeas corpus to compel his release from prison. Casey claimed that he was denied his right to counsel at the trial court hearing at which he pleaded guilty to the charged offenses and was sentenced. The sentencing entry indicates, however, that his counsel was present at the hearing. The court of appeals dismissed the petition.

{¶ 3} The court of appeals correctly dismissed the petition. "Claims involving the ineffective assistance of counsel or the alleged denial of the right to counsel

are not cognizable in habeas corpus." *Bozsik v. Hudson,* 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 7. Casey had an adequate remedy for the claimed deprivation of his right to counsel by way of appeal or postconviction relief. *Tucker v. Collins* (1992), 64 Ohio St.3d 77, 78, 591 N.E.2d 1241. Casey's reliance on federal cases indicating a right to raise this claim in federal habeas corpus cases does not warrant a different result, because "the state writ of habeas corpus is not coextensive with the federal writ." *State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165, 168, 702 N.E.2d 423.

{¶ 4} Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

_____

Thomas E. Casey, pro se.

Marc Dann, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.