OPINION
{¶ 1} Defendant-appellant, Antwaun[1] Chandler ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief. Because the trial court failed to notify the public defender of appellant's post-conviction proceedings before conducting an evidentiary hearing, we reverse and remand. *Page 2 
 {¶ 2} On August 13, 2001, appellant was bound over from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, for criminal prosecution as an adult in the Franklin County Court of Common Pleas, General Division. The Franklin County Grand Jury indicted appellant on charges of aggravated murder and aggravated robbery, both of which included firearm specifications. The aggravated murder charge also carried a capital specification. On June 11, 2002, appellant entered a plea of guilty to the lesser-included offense of murder with a firearm specification. The trial court entered judgment on June 18, 2002, convicting appellant of murder, entering a nolle prosequi as to the aggravated robbery charge, and sentencing appellant to an indefinite prison term of 15 years to life, plus a consecutive three-year term for the firearm specification. On March 27, 2003, this court denied appellant leave to file a delayed appeal from his conviction and sentence. See State v. Chandler (Mar. 27, 2003), Franklin App. No. 03AP-59 (Memorandum Decision).
 {¶ 3} On November 12, 2002, appellant filed a petition for post-conviction relief ("petition"), claiming that he was denied effective assistance of counsel because his attorney, Philip Lon Allen ("Allen"), persuaded him to plead guilty by falsely informing him that one of his co-defendants, Delontie Rhym ("Rhym"), had implicated appellant and was planning to testify against him. In support of his petition, appellant submitted his own affidavit along with two letters, purportedly written by Rhym. Subsequently, appellant filed an affidavit from Rhym, in which Rhym denied making any statement implicating appellant and denied agreeing to testify against appellant.
 {¶ 4} The trial court denied appellant's petition on March 10, 2005, treating it as a Crim.R. 32.1 motion to withdraw a guilty plea. Appellant appealed, and this court *Page 3 
found that the trial court erred in treating appellant's petition as a motion to withdraw his guilty plea. Therefore, we reversed and remanded with instructions that the trial court consider appellant's petition as a petition for post-conviction relief pursuant to R.C. 2953.21. SeeState v. Chandler, Franklin App. No. 05AP-306, 2006-Ohio-1163.
 {¶ 5} On remand, appellant filed motions for an evidentiary hearing, for production of a transcript at state expense, and to amend and supplement his petition. On December 28, 2006, the trial court issued a decision and entry granting appellant's motion for an evidentiary hearing and denying appellant's motion to amend and supplement his petition. Thereafter, on January 16, 2007, appellant filed motions for issuance of subpoenas and for appointment of counsel. The trial court did not issue written decisions or entries deciding any of appellant's remaining motions.
 {¶ 6} The trial court held an evidentiary hearing on appellant's petition on February 8, 2007, and, on March 12, 2007, the trial court issued a decision and entry denying appellant's petition. The trial court's decision indicates that the court heard testimony from appellant, Allen, and assistant prosecuting attorney, Jeffrey Davis. The trial court found Davis and Allen's testimony credible and concluded that appellant failed to overcome the presumption that Allen's conduct fell within the wide range of reasonable, professional assistance. The trial court also found that appellant failed to show that he would not have pled guilty but for his attorney's alleged misrepresentation.
 {¶ 7} Appellant filed a timely notice of appeal and presently asserts three assignments of error for our review:
 [I.] THE TRIAL COURT ERRED WHEN DENYING DEFENDANTS [sic] PETITION FOR POST CONVICTION RELIEF. *Page 4 
 [II] DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED HIM UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION.
 [III] THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN FAILING TO APPOINT COUNSEL FOR DEFENDANT WHO REQUESTED SUCH APPOINTMENT.
Because it is dispositive of this appeal, we first address appellant's third assignment of error, in which appellant contends that the trial court erred by failing to appoint counsel to represent him in the evidentiary hearing on his petition.
 {¶ 8} An indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a post-conviction proceeding. State v. Crowder (1991), 60 Ohio St.3d 151,152, citing Pennsylvania v. Finley (1987), 481 U.S. 551. However, R.C.120.16(A)(1) provides:
 The county public defender shall provide legal representation to indigent adults and juveniles who are charged with the commission of an offense or act that is a violation of a state statute and for which the penalty or any possible adjudication includes the potential loss of liberty and in postconviction proceedings as defined in this section.
R.C. 120.16(D) provides:
 The county public defender shall not be required to prosecute any appeal, postconviction remedy, or other proceeding, unless the county public defender is first satisfied there is arguable merit to the proceeding.
Pursuant to R.C. 120.16(A)(1) and (D), an indigent petitioner is statutorily entitled to representation by a public defender at an evidentiary hearing on a post-conviction petition if the public defender concludes that the issues raised by the petitioner have arguable merit.Crowder at 153. *Page 5 
 {¶ 9} A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. Rather, the trial court "shall determine whether there are substantive grounds for relief" before granting a hearing on a post-conviction petition. R.C. 2953.21(C). A trial court properly denies a post-conviction petition without an evidentiary hearing if the petition, supporting documents, and court record do not set forth sufficient operative facts to establish substantive grounds for relief. State v. Calhoun, 86 Ohio St.3d 279,291, 1999-Ohio-102.
 {¶ 10} In Crowder, at 153, the Ohio Supreme Court held that "R.C.120.16(A)(1) and (D) implicitly require the trial court, upon concluding that the petitioner in a postconviction proceeding is entitled to an evidentiary hearing pursuant to R.C. 2953.21(C) and (E), to promptly notify the public defender of the pending hearing." The court reasoned that, without notification from the trial court:
 * * * [T] he public defender is in no position, with respect to postconviction proceedings, to exercise those discretionary powers explicitly conferred on the public defender by the General Assembly pursuant to the Public Defender's Act. Accordingly, the public defender must be provided with notice that a postconviction evidentiary hearing has been set.
Id. A trial court must notify the public defender of an indigent petitioner's post-conviction proceedings if, and only if, it first determines that the petitioner is entitled to an evidentiary hearing pursuant to R.C. 2953.21(C) and (E). Crowder, paragraph two of the syllabus; State v. Beane (Aug. 9, 1995), Champaign App. No. 95 CA 4. Thus, a petitioner is entitled to have the public defender notified of his post-conviction proceedings only if the trial court first concludes that the petition, supporting documents, and record set forth operative facts to establish substantive grounds for relief. *Page 6 
 {¶ 11} Although appellant's third assignment of error states that the trial court failed to appoint counsel, appellant more broadly and appropriately argues, in his appellate brief, that the trial court erred by failing to notify the public defender of the hearing on his petition. Appellant contends that the trial court's inaction denied the office of the public defender the opportunity to exercise its discretion to determine whether appellant's petition had arguable merit. Accordingly, appellant urges this court to reverse and remand this matter for a new evidentiary hearing, provided the public defender finds arguable merit in appellant's petition. Appellee, State of Ohio, does not argue that the trial court notified the public defender of appellant's post-conviction proceedings, but contends that the record on appeal fails to establish any failure in that regard. Appellee further argues that, even if the trial court failed to notify the public defender, the court's inaction did not prejudice appellant.
 {¶ 12} Since Crowder, this court has had the opportunity to address the application of R.C. 120.16(A)(1) and (D) to post-conviction proceedings. In State v. Hitt (Nov. 23, 1993), Franklin App. No. 93AP-724, we reversed the trial court's denial of a post-conviction petition where the trial court failed to notify the public defender of a scheduled evidentiary hearing on the appellant's petition. We held that, having concluded that the appellant was entitled to an evidentiary hearing on his petition, the trial court was required to notify the public defender, and its failure to do so constituted error. InState v. Buchanan (June 10, 1997), Franklin App. No. 96APA11-1527, we similarly found that the trial court erred in failing to address a petitioner's right to counsel for an evidentiary hearing on his petition for post-conviction relief. We stated that, "once the trial court found sufficient merit in the motion/petition to warrant an evidentiary *Page 7 
hearing, the trial court needed to address Mr. Buchanan's right to counsel, especially after Mr. Buchanan requested the assistance of counsel for the hearing."
 {¶ 13} Appellee attempts to distinguish Buchanan based on a statement in that case regarding Buchanan's "undeniable lack of ability to represent himself," as evidenced in the transcript of Buchanan's evidentiary hearing. Appellee contends that we cannot make a similar determination regarding appellant's ability to represent himself because appellant did not file a transcript of the evidentiary hearing. Despite the aforementioned statement in Buchanan, we did not base our decision in that case on the transcript. Rather, we explicitly held that "[t] he trial court, having found sufficient potential merit in the motion/petition filed by Mr. Buchanan to warrant a hearing, needed to make arrangements for counsel to represent Mr. Buchanan." The transcript of Buchanan's pro se evidentiary hearing was irrelevant to our finding of error, and the absence of a transcript here does not renderBuchanan inapplicable.
 {¶ 14} Most appeals dealing with the application of R.C. 120.16 to post-conviction proceedings involve scenarios where the trial court appropriately denied post-conviction relief without a hearing and where the court, therefore, had no duty to notify the public defender of the proceedings. See, e.g., State v. Singleton, Montgomery App. No. 21289,2006-Ohio-4522; State v. Smith, Cuyahoga App. No. 80894, 2002-Ohio-6638;State v. Dudley (Dec. 22, 2000), Trumbull App. No. 99-T-0166; State v.Banks (Apr. 28, 1993), Delaware App. No. 92CAA09031. However, at least one other Ohio appellate district has concluded that a trial court commits reversible error when it fails to notify the public defender after determining that a petitioner is entitled to a hearing on a post-conviction petition. In State v. Johnson, Clark App. No. *Page 8 
97-CA-119, the trial court granted an evidentiary hearing on a petition for post-conviction relief, but denied the petitioner's request for appointed counsel. The Second District noted that "nothing in the record indicates that the public defender's office was notified about the hearing" and went on to hold:
 If a trial court fails to issue notice, the remedy on appeal is for the appellate court to reverse and remand the case for the proper notice to be issued. If the public defender then determines that there is arguable merit to the proceeding, the petitioner is entitled to a new hearing with court-appointed representation. If not, we conclude, the court may reenter the judgment denying relief based on the evidence presented in the original post-conviction hearing. If the public defender declines the case as lacking arguable merit, we cannot conceive of any purpose that would be served in conducting a new hearing. Granting such a hearing would merely be giving the petitioner another pro se bite at the apple.
(Citations omitted.) Id.
 {¶ 15} Here, on December 28, 2006, the trial court issued journal entries granting appellant's motion for an evidentiary hearing and scheduling the hearing for February 8, 2007. The trial court expressly found that the facts alleged in appellant's petition, if true, would constitute a substantive ground for relief. Having determined that appellant's petition alleged a substantive ground for relief and having granted appellant an evidentiary hearing, the trial court was required to notify the public defender of appellant's post-conviction proceedings so that the office of the public defender could exercise its discretion in determining whether appellant's petition had arguable merit. SeeCrowder. Despite its duty to notify the public defender, the record contains no indication that the trial court made such a notification. The December 28, 2006 entries were copied to appellant and the assistant prosecuting attorneys, but not to the public *Page 9 
defender. The trial court did not rule on appellant's January 16, 2007 motion for appointment of counsel prior to the hearing. Therefore, we must presume that the court denied the motion. See State ex rel. The V.Cos. v. Marshall, 81 Ohio St.3d 467, 469, 1998-Ohio-329 ("when a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it"). Moreover, the trial court's March 12, 2007 decision and entry denying appellant's petition, which suggests that appellant acted pro se at the February 8, 2007 hearing, was not copied to the public defender.
 {¶ 16} Appellee argues that appellant's failure to file a transcript of the evidentiary hearing precludes this court from ascertaining whether any error regarding notification of the public defender prejudiced appellant. Specifically, appellee argues that this court cannot determine whether appellant withdrew his request for counsel. In support of its argument, appellee relies on the Fifth Appellate District's opinion in State v. Norris, Muskingum App. No. CT2005-0039,2006-Ohio-3508. There, after rejecting the merits of a post-conviction petition because the claims asserted therein were not cognizable in a post-conviction petition, the court overruled an assignment of error based on the trial court's failure to appoint counsel to represent the appellant-petitioner. In Norris, the appellant did not request counsel until the day of the hearing on his petition and, then, waived counsel rather than endure a continuance of the evidentiary hearing. The Fifth District found that, "even if the trial court erred when it failed to notify the public defender once the evidentiary hearing was set, appellant suffered no prejudice." The court concluded that the alleged error was harmless for two reasons. First, the trial court found that, with or without counsel, appellant's legal claims were improperly raised in a post-conviction petition. Second, the court noted that the trial court offered to appoint *Page 10 
counsel for appellant, even though such appointment would have necessarily resulted in a continuance, but appellant opted, instead, to proceed pro se.
 {¶ 17} We do not find the lack of a transcript fatal to appellant's claim that the trial court erred by failing to notify the public defender of his post-conviction proceedings, as required by R.C. 120.16
and Crowder. Unlike in Norris, where the trial court was able to reject the petitioner's claims as a matter of law without consideration of the testimony presented at the evidentiary hearing, appellant's claims were properly brought in a petition for post-conviction relief, and resolution of those claims required consideration of the testimony elicited at the hearing. Appellee does not contend that a transcript of the evidentiary hearing would contain any discussion of appellant's entitlement to appointed counsel or that a transcript would shed any light on the trial court's compliance or non-compliance with its statutory duty to notify the public defender of appellant's petition. Moreover, appellee does not contend that appellant actually withdrew his request for counsel or otherwise waived his right to have the public defender review his petition. Given the absence of any indication in the record that the trial court notified the public defender of the evidentiary hearing on appellant's petition, coupled with the trial court's failure to rule on appellant's motion for appointment of counsel, we sustain appellant's third assignment of error and remand this matter to the trial court.
 {¶ 18} On remand, the trial court shall issue proper notice to the Franklin County Public Defender's office regarding appellant's petition and the trial court's conclusion that appellant is entitled to an evidentiary hearing. If the public defender determines that there is arguable merit to appellant's petition, appellant is entitled to a new *Page 11 
evidentiary hearing, represented by counsel. However, if the public defender determines that there is no arguable merit to appellant's petition, appellant is not entitled to another pro se hearing, and the trial court may re-enter its judgment denying post-conviction relief based on the evidence presented at the original hearing. SeeJohnson. Because we reverse the trial court's judgment and remand for a determination of whether appellant was entitled to counsel and, if so, for a new evidentiary hearing, we do not reach appellant's first and second assignments of error.
 {¶ 19} For the aforestated reasons, we sustain appellant's third assignment of error, decline to address appellant's first and second assignments of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand this matter for further proceedings consistent with this opinion and the law.
Judgment reversed and cause remanded with instructions.
 BRYANT and BRYANT, JJ., concur.
BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Also identified in the record as "Antuan" and "Antwuan." *Page 1