OPINION
{¶ 1} Defendant-appellant, Robert M. Harris, Sr., appeals from a judgment of the Franklin County Court of Common Pleas denying his motions for post-conviction relief and for appointment of counsel. Defendant assigns a single error:
 PETITIONER'S SENTENCE AND CONVICTION ARE VOID OR VOIDABLE UNDER THE UNITED STATES CONSTITUTION, FIFTH AND FOURTEENTH AMENDMENT, OHIO CONSTITUTION AND R.C. § 2953.21, WHERE HE HAS BEEN DENIED DUE PROCESS OF LAW BY THE FRANKLIN COUNTY COURT OF COMMON PLEAS DECISION *Page 2 
AND ENTRY DENYING DEFENDANT/PETITIONER'S MOTION TO VACATE OR SET-ASIDE SENTENCE, FILED OCTOBER 1, 2007, AND DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL, FILED OCTOBER 1, 2007.
While defendant correctly asserts the trial court wrongly deemed his motion to vacate untimely, the trial court nonetheless set forth other valid reasons for denying defendant's motions, and thus we affirm.
 {¶ 2} According to this court's opinion in defendant's direct appeal, defendant was indicted on February 15, 2006 for one count of aggravated burglary and two counts of robbery arising out of a February 6, 2006 home invasion in Franklin County. State v. Harris, Franklin App. No. 07AP-137, 2008-Ohio-27. In the robbery, the victim's coin purse and cigarette case were stolen. As a result of a jury trial beginning on November 28, 2006, defendant was found guilty of all three charges. After merging the robbery counts, the trial court sentenced defendant to maximum, consecutive sentences. Defendant appealed, and this court affirmed, concluding defendant's conviction was based on sufficient evidence and the trial court did not err in imposing maximum, consecutive prison terms. Id.
 {¶ 3} While defendant's appeal was pending, defendant on October 1, 2007 filed a motion for appointment of counsel, an affidavit of indigency, and a motion to vacate or set aside his sentence. In his motion to vacate, defendant asserted his trial counsel was ineffective in three ways: (1) counsel failed to call defendant's mother as a witness at trial, (2) counsel failed to request a ruling from the trial court on defendant's pretrial motion to dismiss or amend the indictment, and (3) counsel failed to pursue more vigorously defendant's contention that the state's witnesses lied in their testimony. *Page 3 
 {¶ 4} By decision and entry filed October 29, 2007, the trial court denied defendant's motions to vacate or set aside his sentence and to appoint counsel. The court first noted the transcript of defendant's trial was filed with the court of appeals on March 29, 2007, rendering defendant's October 1, 2007 motion to vacate untimely under the time requirements set forth in R.C. 2953.21.
 {¶ 5} The court further addressed the merits of defendant's contentions, determining that his substantive claims for relief were without merit. The court explained that defendant's motion consisted largely of arguments concerning witness testimony and other evidence. Despite defendant's contentions to the contrary, the trial court concluded sufficient evidence and the manifest weight of the evidence supported the jury's verdict. Addressing defendant's claim of ineffective assistance of counsel, the trial court determined defendant did not present evidence that defense counsel was not functioning as the counsel guaranteed under the Sixth Amendment. Moreover, the court observed that at least some of the issues defendant raised in his motion were barred by res judicata, as they could have been raised in defendant's direct appeal. Finally, relying on Pennsylvania v.Finley (1987), 481 U.S. 551, 556-557, the court concluded defendant was not entitled to appointment of counsel for purposes of his request for post-conviction relief.
 {¶ 6} In his single assignment of error, defendant contends the trial court wrongly denied his motion to vacate or set aside his sentence, statutorily referred to as a petition for post-conviction relief, and his motion to appoint counsel. A petition for post-conviction relief in Ohio is a statutorily created remedy set forth in R.C. 2953.21 that is designed to provide an avenue to correct a violation of a defendant's constitutional rights in his or her *Page 4 
criminal trial. The post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v.Calhoun (1999), 86 Ohio St.3d 279, 281. It is a means by which a defendant may allow the court to reach constitutional issues that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the defendant's criminal conviction. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. The petition for post-conviction relief is thus not intended to provide a defendant with a second opportunity to litigate his conviction; nor is the defendant automatically entitled to an evidentiary hearing on the petition. State v. Jackson (1980), 64 Ohio St.2d 107.
 {¶ 7} To warrant an evidentiary hearing on a petition for post-conviction relief, the defendant bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. R.C. 2953.21(C); State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 33. A trial court may deny a defendant's petition for post-conviction relief without an evidentiary hearing if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief. Calhoun, at paragraph two of the syllabus.
 {¶ 8} The most significant restriction on Ohio's statutory procedure for post-conviction relief is the doctrine of res judicata. The doctrine requires a defendant to support the error claimed in the petition with evidence outside the record that was created from the direct criminal proceedings. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant *Page 5 
at the trial, which resulted in that judgment or that conviction, or on an appeal from that judgment." State v. Cole (1982), 2 Ohio St.3d 112,113, quoting State v. Perry (1967), 10 Ohio St.2d 175, at paragraph nine of the syllabus. "Res judicata also implicitly bars a petitioner from `re-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal."Hessler, at ¶ 37.
 {¶ 9} Apart from the substantive restrictions that affect post-conviction relief petitions, the pertinent statute contains time restrictions for filing a petition. Effective September 21, 1995, R.C. 2953.21 was amended to require that a petition under R.C. 2953.21(A)(1) be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). Contrary to the trial court's conclusion, the trial transcript of defendant's trial was not filed in the court of appeals on March 29, 2007, but on April 2, 2007. Because 180 days after April 2, 2007 is Saturday, September 29, 2007, defendant was required to file his petition no later than the following Monday, October 1, 2007. Defendant's petition is time-stamped October 1, 2007; it thus is timely under R.C. 2953.21(A)(2). Defendant, however, suffered no prejudice from the trial court's error, because the trial court properly concluded defendant's ineffective assistance of counsel claims lack merit.
 {¶ 10} A defendant alleging ineffective assistance of counsel must demonstrate (1) defense counsel's performance was so deficient that he or she was not functioning as the counsel guaranteed under theSixth Amendment to the United States Constitution, and (2) defense counsel's errors prejudiced defendant, depriving him or her of a trial whose result is reliable. Strickland v. Washington (1984), 466 U.S. 668, 687;State v. Bradley *Page 6 
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus, certiorari denied (1990), 497 U.S. 1011.
 {¶ 11} In order to secure a hearing on an ineffective assistance of counsel claim in a petition for post-conviction relief, the petitioner bears the initial burden of submitting evidentiary documents that together contain sufficient operative facts which, if believed, would establish defense counsel substantially violated at least one of the defense attorney's essential duties to his client, and the defendant was prejudiced as a result. Cole, at 114; Jackson, at syllabus. "Judicial scrutiny of counsel's performance must be highly deferential * * * [and] a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."Strickland, at 689; Bradley, at 142.
 {¶ 12} One of defendant's claims of ineffective assistance of counsel asserts his trial counsel was ineffective in failing to pursue defendant's pretrial motion to dismiss or amend the indictment. Defendant could have raised counsel's alleged ineffectiveness concerning a defect in the indictment in the direct appeal of his convictions. Because he could have done so, even though he did not, res judicata bars his claim. Perry, supra.
 {¶ 13} Defendant's remaining two claims are interrelated, and we thus address them together. In one of the claims, defendant asserts counsel should have pursued more vigorously defendant's contention that the state's witnesses lied in their testimony about where the victim's coin purse was found after the robbery. The other claim contends counsel was ineffective in failing to have his mother testify at trial that one of the investigating officers called her shortly after the robbery to inquire whether defendant hid one of the stolen items, a coin purse, at her house. *Page 7 
 {¶ 14} In the first claim, defendant contends law enforcement witnesses lied at trial about whether they found the victim's purse in defendant's van when they stopped him for a stop sign infraction shortly after the robbery. According to the evidence, at approximately 6:00 a.m. on February 6, 2006, a black male invaded the victim's home, pushing his way into the house. Sergeant Michael Robison was on patrol that morning when he witnessed defendant's van run a stop sign at a high rate of speed with no headlights burning. After stopping defendant, Robison heard the police radio advise that a robbery had occurred in the area; the driver of the van met the description of the robbery suspect. According to the state's evidence, a search of the vehicle and the surrounding area divulged a cigarette case and a coin purse.
 {¶ 15} At trial, the victim testified to the events of February 6, 2006, stating that after the robbery she was taken to the scene of the traffic infraction to determine if the detainee was the robber. The victim testified she identified defendant, basing her conclusion in part on law enforcement's finding her coin purse and cigarette case in defendant's van and the surrounding area following the stop sign violation. In cross-examining the state's witness, Officer Kerry Kaiser, defendant relied on a police report of the incident that appeared to suggest the coin purse was not found in the search of defendant's van. Defendant contends his attorney should have pursued the alleged discrepancy more tenaciously, as it would have allowed the jury to conclude the officers actually did not find the victim's purse, a conclusion that would have undermined the basis for the victim's identifying defendant to be the robber.
 {¶ 16} Defendant supplied his mother's affidavit to support his second claim that counsel should have allowed defendant's mother to testify at trial. In the affidavit, *Page 8 
defendant's mother stated Detective Robin Mizell called her on February 6, 2006, asking if defendant is her son. After the affiant replied affirmatively, the detective told her defendant was pulled over after speeding through a stop sign, at which point the stopping officer discovered defendant fit the description of a robbery suspect. The detective further informed defendant's mother that a purse was stolen from an elderly woman in the robbery, and the purse was not found in the van. The detective asked affiant to force defendant to tell her where defendant stashed the purse at affiant's home, because the victim stated everything she owned was in her purse. Although the affidavit does not state where the robbery occurred, the affiant told the detective that if her son was arrested near the scene as the detective indicated, then "how could he have gotten over here to my side of town to stash it in my house." She further told the detective defendant did not live with her anymore, but lived with his wife in their own home.
 {¶ 17} Affiant nonetheless advised the detective she was donating "a bunch of old clothes, shoes, and even some of my old pocketbooks (purses)" and would give one to the victim if someone would stop by affiant's home and pick one out for the victim. According to the affidavit, Detective Mizell went to the home of defendant's mother later that afternoon and picked out an old purse to give to the victim. The affidavit concludes by stating defendant's mother told defendant's attorney she wanted to testify, but he refused to allow her to do so.
 {¶ 18} To the extent defendant relies on the police incident report to assert his attorney failed to highlight law enforcement's allegedly false testimony at trial concerning recovery of the victim's coin purse, we note defense counsel brought out during Kaiser's cross-examination the possibility that the coin purse was not recovered from the van. In *Page 9 
response, however, the officer testified unequivocally the purse was recovered from defendant's van. Further cross-examination on the subject did not cause the officer to waiver in his testimony that also corroborated Robison's testimony.
 {¶ 19} To the extent defendant contends his trial counsel was ineffective in failing to call his mother to be a witness on his behalf, the decision "falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." State v. Leonard,104 Ohio St.3d 54, 2004-Ohio-6235, at ¶ 143, quoting State v. Treesh (2001),90 Ohio St.3d 460, 490. Indeed, we are hard-pressed to view counsel's decision as deficient when the trial court was presented in a sidebar conference with the possibility that defendant's mother gave law enforcement a purse, and the court informed counsel that "[w]e're not going there." (Tr. 255.)
 {¶ 20} Moreover, even if we were to determine counsel's actions in either respect fell below acceptable standards, we are unable to discern prejudice to defendant from counsel's decision. Although defendant vigorously asserts the victim's coin purse was not found in his van, he does not contest the testimony and evidence that the victim's cigarette case was found there. Thus, even if defendant could create doubt about finding the purse in his van, the discrepancy does not explain the cigarette case, also a linchpin for the victim's identifying defendant. While defendant may contend such doubt would have shaken the jury's confidence in the officers' testimony, defense counsel presented that opportunity to the jury through cross-examining Kaiser; the jury simply was not persuaded. Given the other evidence, including the evidence that defendant's attire at the time of the traffic stop fit that of the robber, the outcome of the trial probably would not have been different even if counsel had introduced the testimony of defendant's mother or *Page 10 
more fully cross-examined law enforcement from the police report indicating possible inconsistencies about whether the victim's coin purse was found in defendant's van.
 {¶ 21} In the final analysis, even though the trial court erred in concluding defendant's post-conviction petition was untimely, the trial court nonetheless properly concluded defendant's petition failed to produce evidence that defense counsel was ineffective or that, even if counsel were ineffective, defendant suffered prejudice. No evidentiary hearing was warranted. Moreover, the trial court properly determined an indigent defendant has no state or federal constitutional right to appointment of counsel in post-conviction proceedings. State v.Chandler, Franklin App. No. 07AP-269, 2007-Ohio-5579, citing State v.Crowder (1991), 60 Ohio St.3d 151, 152, citing Finley, at 557 (noting a defendant has "no underlying constitutional right to appointed counsel in state postconviction proceedings"). Cf. Chandler, at ¶ 8 (pointing out that "[p]ursuant to R.C. 120.16[A][1] and [D], an indigent petitioner is statutorily entitled to representation by a public defender at an evidentiary hearing on a post-conviction petition if the public defender concludes that the issues raised by the petitioner have arguable merit").
 {¶ 22} Accordingly, we overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 KLATT and FRENCH, JJ., concur. *Page 1