DECISION
{¶ 1} Defendant-appellant, Charles Chubb, appeals from a judgment of the Franklin County Court of Common Pleas denying his "Motion for Post-Conviction Relief and/or Writ of Habeas Corpus." Because (1) defendant's petition is untimely under R.C. 2953.21, and (2) defendant presents no claim for habeas corpus relief under state law, we affirm.
 {¶ 2} By indictment filed December 9, 1991, defendant was charged with one count of aggravated trafficking in violation of R.C. 2925.03, a felony of the third degree. *Page 2 
The indicted offense carried a specification asserting defendant pleaded guilty on June 6, 1984 to an offense of violence, robbery in violation of R.C. 2911.02. On February 24, 1992, defendant entered a guilty plea to the stipulated lesser included offense of aggravated trafficking without the specification. The trial court sentenced defendant to one-year determinate sentence and a fine of $2,500, giving defendant credit for time served.
 {¶ 3} On January 14, 2008, defendant filed a motion for post-conviction relief and/or writ of habeas corpus. In it, he initially contended he was deprived of the effective assistance of counsel because counsel did not require the trial court either to conduct an open court plea colloquy concerning the rights defendant was relinquishing at the time of his plea or to establish a factual basis for defendant's plea. His second premise for relief, much like the first, asserted his guilty plea is invalid for the same reasons. He lastly argued both that the trial court should have appointed counsel for him, apparently for purposes of his post-conviction litigation, and that defense counsel in the trial court failed to follow defendant's instruction to file a notice of appeal from the guilty plea proceedings.
 {¶ 4} After the parties fully briefed defendant's motion, the trial court denied the motion, concluding defendant failed to file it timely under the provisions of R.C. 2953.21, and res judicata barred defendant's claims. Defendant appeals, assigning three issues:
 ISSUE NO. 1
 APPELLANT WAS DEPRIVED [OF] EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO NOTIFY THE COURT TO CONDUCT AN OPEN COURT PLEA COLLOQUY AND FAILED TO NOTIFY THE COURT [TO] ESTABLISH A FACTUAL BASIS. COUNSEL DEPRIVED APPELLANT OF HIS FIFTH, SIXTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS. *Page 3 
 ISSUE 2
 APPELLANT['S] FIFTH, SIXTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN THE TRIAL COURT FAILED TO PROVIDE PETITIONER WITH AN OPEN COURT COLLOQUY AND ESTABLISH A FACTUAL BASIS ON THE RECORD FOR APPELLANT['S] PLEA OF GUILTY.
 ISSUE NO. 3
 COUNSEL DENIED APPELLANT THE RIGHT TO APPEAL, DUE PROCESS AND EQUAL PROTECTION IN CONTRAVENTION OF APPELLANT'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHT'S [sic] TO THE UNITED STATES CONSTITUTION.
Because defendant's three issues suffer the same deficiencies, we address them jointly.
I. Post-Conviction Relief {¶ 5} A post-conviction relief petition is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001), 92 Ohio St.3d 1441. R.C. 2953.21 affords a prisoner post-conviction relief "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." State v.Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. A post-conviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32; Murphy, supra. *Page 4 
 A. Res Judicata
 {¶ 6} The most significant restriction on Ohio's statutory procedure for post-conviction relief is the doctrine of res judicata. The doctrine requires a defendant to support the error claimed in the petition with evidence outside the record that was created from the direct criminal proceedings. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process" that defendant raised or could have raised at the trial "which resulted in that judgment or conviction, or on an appeal from that judgment." State v.Cole (1982), 2 Ohio St.3d 112, 113, quoting Perry, paragraph nine of the syllabus. "Res judicata also implicitly bars a petitioner from `re-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal."Hessler, at ¶ 37.
 {¶ 7} Defendant here claims ineffective assistance of trial counsel because counsel (1) did not require an open court colloquy, and (2) failed to require the trial court to establish a factual basis for defendant's plea. Because the claimed deficiencies in counsel's performance were apparent from the face of the trial record, res judicata bars defendant from raising them through a post-conviction relief petition. Defendant next claims he did not waive any constitutional rights because none were read to him. Again, the trial court's alleged failure to inquire of defendant regarding his constitutional rights was apparent from the trial transcript, and res judicata bars defendant's employing a post-conviction relief petition to raise it for the first time. *Page 5 
 {¶ 8} To the extent defendant also contends his counsel improperly informed defendant his conviction could not be used against him in a later proceeding, he arguably states a claim that could not be raised in a direct appeal. The untimeliness of defendant's petition, however, leaves the court without jurisdiction even if res judicata does not bar the claim.
B. Timeliness
 {¶ 9} Effective September 21, 1995, R.C. 2953.21 was amended to require that a petition under R.C. 2953.21(A)(1) be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). While defendant was sentenced prior to the effective date of amended R.C. 2953.21, the legislature, in the uncodified law set forth in 1995 S.B. No. 4, Section 3, specified that "a person who seeks post-conviction relief" under R.C. 2953.21 through 2953.23 "with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required" in R.C. 2953.21(A)(2), "as amended by this act, or within one year from the effective date of this act, whichever is later."
 {¶ 10} Defendant's judgment entry of conviction was filed February 25, 1992. Pursuant to the uncodified law, defendant was required to file his motion, or petition, within one year of the effective date of the act. Because defendant filed his motion on January 14, 2008, it is untimely, leaving the court without jurisdiction to consider it. State v.Rippey, Franklin App. No. 06AP-1229, 2007-Ohio-4521; State v.Robinson, Franklin App. No. 06AP-368, 2006-Ohio-6649; State v.Hayden (Dec. 6, 2001), Franklin App. No. 01AP-728 (concluding the trial court lacked jurisdiction over defendant's post-conviction *Page 6 
relief petition where, even though defendant was convicted before the effective date of the statute, he failed to file his petition within one year of the amended statute's effective date).
 {¶ 11} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless defendant initially demonstrates either (1) he was unavoidably prevented from discovering facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation. R.C. 2953.23(A)(1)(a). If defendant were able to satisfy one of those two conditions, R.C. 2953.23(A) requires he also demonstrate that but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b). Defendant points to no newly recognized federal or state right; nor does he cite to the discovery of any new facts he was prevented from discovering. As a result, defendant's untimely petition leaves the trial court without jurisdiction to consider it. Rippey, supra, at ¶ 14.
C. Appointment of Counsel
 {¶ 12} Finally, defendant claims the trial court should have appointed him counsel. We are unclear precisely what defendant asserts, as defense counsel represented defendant during the plea proceedings. Indeed, defendant contends his counsel failed to file the requested notice of appeal from those proceedings. To the extent defendant contends he should have been granted counsel for purposes of his petition for post-conviction relief, an indigent defendant has no state or federal constitutional right to appointment of counsel in post-conviction proceedings. State v. Chandler, Franklin App. No. 07AP-269,2007-Ohio-5579, at ¶ 8, citing State v. Crowder (1991),60 Ohio St.3d 151, *Page 7 
152, citing Pennsylvania v. Finley (1987), 481 U.S. 551, 557 (noting a defendant has "no underlying constitutional right to appointed counsel in state postconviction proceedings"). Cf. Chandler, at ¶ 8 (pointing out that "[p]ursuant to R.C. 120.16[A][1] and [D], an indigent petitioner is statutorily entitled to representation by a public defender at an evidentiary hearing on a post-conviction petition if the public defender concludes that the issues raised by petitioner have arguable merit"). To the extent defendant contends counsel failed to file a notice of appeal on his behalf, defendant's remedy, so long after his conviction, lay in filing a motion for delayed appeal pursuant to App. R. 5(A), where counsel would be appointed for defendant's direct appeal if leave to appeal were granted.
 {¶ 13} In the final analysis, either res judicata or the time limitation set forth in R.C. 2953.21(A) bars the claims set forth in defendant's motion for post-conviction relief. Accordingly, the trial court properly denied the motion.
II. Writ of Habeas Corpus {¶ 14} Alternatively, defendant contended in the trial court that he is entitled to a writ of habeas corpus premised again on defendant's claim of ineffective assistance of counsel and an invalid guilty plea. While defendant on appeal does not set forth a separate argument directed to the trial court's denying his request for a writ of habeas corpus, the trial court nonetheless correctly dismissed the request.
 {¶ 15} "Habeas corpus in Ohio is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison or some other type of physical confinement." State ex rel.Smirnoff v. Greene (1998), 84 Ohio St.3d 165, 167 (noting "the state writ of habeas corpus is not coextensive with the federal writ"). See, also, State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591, 593
(stating habeas corpus is the proper *Page 8 
remedy to raise a claim of excessive bail in pretrial release cases). As a result, "[c]laims involving ineffective assistance of counsel or the alleged denial of the right to counsel are not cognizable in habeas corpus." Casey v. Hudson, 113 Ohio St.3d 166, 2007-Ohio-1257, at ¶ 3, citing Bozsik v. Hudson, 110 Ohio St.3d 245, 2006-Ohio-4356. Under state law, "if a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus may not be allowed." Bozsik, supra, at ¶ 9. Rather, a defendant asserting ineffective assistance of counsel has an adequate remedy by way of appeal or post-conviction relief. Casey, supra, at ¶ 3.
 {¶ 16} Accordingly, we overrule defendant's three issues and affirm the judgment of the trial court dismissing defendant's motion for post-conviction relief and/or writ of habeas corpus.
Judgment affirmed.
 McGRATH, P.J., and KLATT, J., concur. *Page 1